John S. McQuade, Individually and as a Stockholder of Topics Publishing Co., Inc., Suing on Behalf of Himself and All Other Stockholders of Said Corporation Similarly Situated, and in the Right of Said Corporation, Respondent, v. Aglar Cook, Individually and as a Director of Topics Publishing Co., Inc., Appellant, et al., Defendants.— In a stockholder's derivative action, order denying motion for partial summary judgment on the ground that plaintiff lacked legal capacity to sue with respect to certain complained of transactions which occurred prior to the time that he became a stockholder, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur.

Daniel Offiong et al., Respondents, v. Dolly Wilson, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. Martin F. Heneghan, Third-Party Defendant.— Appeal by defendant Dolly Wilson from an order granting plaintiffs' motion to dismiss the third-party complaint. Order reversed, with $10 costs and disbursements, and the motion denied, without costs. There is no such "mixture of claims" which would prevent bringing in the third-party defendant. (Spector v. Hallan, 173 Misc. 416, affd. 173 Misc. 418.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

The People of the State of New York, Respondent, v. Aaron Donner, Appellant. The People of the State of New York, Respondent, v. Zalman Blesofsky, Appellant. The People of the State of New York, Respondent, v. Aaron M. Aber, Appellant. (Consolidated appeals.) — Appeal by defendants from judgments of the Domestic Relations Court of the City of New York, Children's Court Division, Kings County, convicting the respective defendants of violating section 3212 of the Education Law. In each appeal the defendant is the father of a child of school age, who sends the child to a small religious school where (a) there is no education in the eleven subjects required by the statute; (b) the instruction is not in English; (c) the textbooks are not in English; (d) the instructor does not possess minimum qualifications for secular instruction required by the board of education of the city of New York or the State Education Department; (e) no records of attendance are kept, all contrary to the provisions of the Education Law (§§ 3204, 3205, 3211). Defendants contend that their religious beliefs forbid formal systematic secular education; that where the provisions of the Education Law are in conflict with the religious law, the latter must prevail; and that they are protected in this position by the First Amendment of the United States Constitution. Judgments unanimously affirmed. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [199 Misc. 643.]

Joan C. Sheppard, Respondent, v. Pennsylvania Railroad Company, Appellant.— Action under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 et seq.) to recover damages for personal injuries suffered by the plaintiff. Judgment in favor of the plaintiff unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.