## In the Matter of SHELLEY MYERS, an Infant.

Domestic Relations Court of the City of New York, Children's Court,
New York County, February 18, 1953.

*Denis M. Hurley, Corporation Counsel* (*Michael J. Kilcom-mone* of counsel), for Board of Education of the City of New York, petitioner.

*Benjamin Weberman* and *Abe Siegel* for Allen Myers, respondent.

POLIER, J. The petition filed by an attendance officer alleges that the respondent, Allen Myers, has neglected his child, Shelley Myers, aged nine, in that he failed to place the child in school as provided by section 3212 of the New York State Education Law, and that the child had been absent from school continuously since September 8, 1952.

This matter was set down for hearing on January 7, 1953, when the father was represented by counsel and the board of education by the corporation counsel of the City of New York.

The respondent, a lawyer, is the father of a child whom he has refused to register in the public school to which all children residing in his school district are required to go. The respondent had originally placed his child in a private school. Subsequently while living on the east side of Manhattan his child was registered in a public school on the west side of New York. An address was given so that this school was led to believe the child was a resident within that district. Subsequently when the father was directed to register the child in the school which covers the district in which he resides he refused on the ground that it was unfit. He demanded that his child be given the special privilege of going to a specific school in an adjoining district. This was refused by the board of education, but he was advised that due to certain special personal circumstances the child might continue to go to the school on the west side previously chosen by the parents or to one of two other schools on the east side. He refused all these opportunities demanding that his child be admitted to the particular school of his choice. This demand was denied, and the respondent thereupon refused to register his child in school.

The board of education of this city is charged by law with providing public school educational opportunities for all the children of the city. Reasonable rules and regulations must be established to district the city so that the best use shall be made of all the schools without discrimination. If each parent were to be permitted to select the school he preferred, it would be impossible to administer the school system. Inevitably each parent would select the school which suited his own preconcep-

tions in regard to the quality of teaching, the school population and the type of physical plant. Such a system would result not in reasonable freedom for parents but in chaos and the defeat of any orderly planning for the education of the city's children on the part of those charged with this responsibility by law.

The respondent is not entitled to demand that his child be singled out from among over one thousand children to be excused from attendance at the school designated for children residing in his district and be selected for preferential treatment by being sent to a school in the adjoining district. His willingness to send his child only to a school of his choice is no defense to the charge that he has failed to meet the requirements of the Education Law.

The respondent further contends that the school designated for children residing in the district where he lives is not fit or safe for children and that he is therefore under no obligation to send his child to such a school. The respondent contends and has submitted evidence to establish that this school is not only old and antiquated but that there are at the present time outstanding violations of both the Sanitary Code and the regulations in regard to fire protection regulating the requirements for school buildings. Whether such conditions would justify a parent in refusing to send a child to a particular school presents a question which this court is not called upon to answer in the instant case. In this case the respondent has been offered reasonable alternatives and has failed to avail himself of such offers. In doing so the respondent has failed to recognize the difference in his responsibilities as a parent and his privileges as a citizen. While he might have the right to refuse to enter his child in a school not itself in compliance with the law he cannot refuse reasonable alternatives in order to secure special and unreasonable preferential treatment for his child. This does not imply that he may not, indeed, should not as a citizen use all lawful means to secure compliance by the board of education with the statutory provisions and the Administrative Code enacted to safeguard the health and safety of children in our schools. Nor does it mean that he should not diligently join with others to secure the necessary State and city support for the establishment of new schools for the benefit of all the children in the area.

Counsel for the city objected to the admission of evidence concerning the physical conditions, including the evidence of

outstanding violations of the Sanitary Code and fire prevention regulations of the school in the respondent's district, as immaterial. If registration by respondent of his child at this specific school had provided the only way in which compliance with the compulsory education law could have been fulfilled and the father had refused on the ground of the physical conditions and violations, this court would have to determine whether such conditions justified his refusal and constituted a defense to an action charging him with neglect of his child. This, however, is not the situation in the present case.

Instead of availing himself of the alternative schools offered the respondent has chosen to keep his child at home. Here according to his testimony, which was not controverted, his wife who holds a B.A. degree and a certificate entitling her to teach in the State of New York has been instructing the child. The child has been receiving five hours of instruction daily and the mother has followed the curriculum prescribed for the fourth grade and used the textbooks designated for this grade by the board of education. The child has been receiving instruction in arithmetic, spelling, history, geography, current events, reading, writing, and the classics. In addition she has been attending the Metropolitan Opera Ballet School twice a week, art classes at the Educational Alliance and music classes at the Henry Street Music School.

It has been held in this State that: " The object of a compulsory education law is to see that children are not left in ignorance, that from some source they will receive instruction that will fit them for their place in society. Provided the instruction given is adequate and the sole purpose of nonattendance at school is not to evade the statute, instruction given to a child at home by its parent, who is competent to teach, should satisfy the requirements of the compulsory education law." (*People* v. *Turner,* 277 App. Div. 317, 319–320.) The purpose of the compulsory education law has according to the evidence submitted been satisfactorily met by the respondent through instruction at home in the present case. The evidence establishes that the child is receiving instruction at least substantially equivalent to instruction given to minors of like age in attendance at the public school (Education Law, § 3204, subd. 2).

Section 3212 of the Education Law under which this action has been brought does require that when a child is not attending upon instruction at a public or parochial school in the city or district where the person in parental relation resides, the

person in such parental relation shall furnish proof that the minor is attending upon required instruction elsewhere. It further provides that failure to furnish such proof shall be presumptive evidence that the minor is not attending. The respondent failed to furnish such proof to the board of education, and the board of education was therefore justified in filing the petition in this court. The evidence submitted at the hearings in this court, however, rebuts this presumption and satisfies the court that the parents are now providing adequate home instruction. That the father may have been misguided in withholding this proof in order to force the issue of the adequacy of the school in the district in which he resided or in order to force preferential treatment for his child, to which he is not entitled, is not relevant.

The flexibility of the Education Law of this State permits competent parents to teach their children at home, if the standards required in the interest of the community are met. Thus the freedom of parents is safeguarded so long as they meet their responsibility as parents.

There is no evidence of neglect. The petition is dismissed.