Joseph A. Doran, J.
This is a neglect proceeding in respect to a 9-year-old boy for failure or refusal of his mother to send him to school on one day a week during the term commencing in September, 1962 (see Family Ct. Act, §§ 312, 331).
The child had been attending Public School No. 44, Brooklyn, from September, 1962 until February 18, 1963, when he was transferred to a denominational school (Helion Hall) conducted under the auspices of a religious sect known as the Ancient Divine Order of Melchisadech. This school and curriculum, so far as appears, have no.t been licensed or approved by the public authorities having jurisdiction in such matters.
The mother is a member of the religious sect aforesaid, and has introduced her son to its precepts and practices. It is not disputed that she kept the child from school one day a week (Wednesday afternoon through Thursday morning) as alleged in the petition for the purpose of religious observance and training. It is one of the beliefs of this religion that the Sabbath begins at noon on Wednesday of each week and ends at noon on the following day. The boy attends at his temple during this period of time to observe the Sabbath and receive instruction as required by his faith.
The sole issue in this proceeding is whether the compulsory attendance of the; child at school (see Education Law, § 3204 et seq.) on his “ Sabbath ” as aforesaid — contrary to religious conviction and teaching — violates the constitutional guarantee of freedom of religion (U. S. Const., 1st and 14th Arndts.).
It is not questioned that the State may require all children of proper age to attend some school or equivalent and receive instruction in a prescribed course of study essential to good *419 citizenship. (See Pierce v. Society of Sisters, 268 U. S. 510; Meyer v. Nebraska, 262 U, S. 390.)
While the State may not interfere with the religious beliefs of a person, it may, however, prohibit such acts or practices as are detrimental to the general welfare of the community. The freedom to believe as one chooses in the matter of religion is absolute, but the freedom to act in the exercise of religion is subject to regulation in the public interest and for the good order of society. (See Prince v. Massachusetts, 321 U. S. 158; Cantwell v. Connecticut, 310 U. S. 296; Reynolds v. United States, 98 IT. S. 145; see, also, People v. Pierson, 176 N. Y. 201; People v. Ashley, 184 App. Div. 520.)
It is not a defense to the charge of neglect in this case that the child was withdrawn or kept from school by the respondent for observance of his “ Sabbath ” and religious instruction. (See People v. Dormer, 199 Misc. 643, affd. 278 App. Div. 705, affd. 302 N. Y. 857, opp. dsmd. 342 U. S. 884; see, also, Commonwealth ex rel. School Dist. of Pittsburgh v. Bey, 166 Pa. Super. Ct, 136; Rice v. Commonwealth, 188 Va. 224.)
The court, therefore, finds that the allegations of the petition have been sustained in this proceeding, and that the boy in question is a neglected child within the meaning of the law (Family Ct. Act, §§ 312, 331).