Frederick D. Dugan, J.
The three children of the respondents were enrolled for the school year 1972-1973 in the Gorham-Middlesex Central School District, where respondents and the children reside. The children were not enrolled for school in September, 1973 and none have attended upon instruction at that school during the year 1973-1974.
Had they gone to school, John, age 12, would have attended *413 sixth grade, Thomas, age 13, eighth grade, and Robert, age 10, fifth grade.
The respondent parents contend that they are adequately instructing these children at home.
Separate petitions under article 10 of the Family Court, Act were filed by the district principal of the Gorham-Middlesex Central School, sworn to September 25,1973. The Family Court bench was vacant from October 3, 1973 to December 8, 1973. These petitions were joined for hearing by this court on January 11,1974, a psychological interview of each child ordered and the hearing held on February 28, 1974.
Part I of article 65 of the New York State Education Law (Compulsory Education) provides that each minor, age 6 to 16, shall attend upon full-time instruction (Education Law, §3205).
It is the statutory duty of the parents to cause such minor to attend upon instruction as required under Part I of article 65 (Education Law, § 3212, subd. 2, par. b).
Where a minor is not attending upon instruction at a public or parochial school in the district where the parents reside, it is the duty of such parent to furnish proof that the minor is attending upon required instruction elsewhere. Failure to furnish such proof is presumptive evidence that the minor is not attending. (Education Law, § 3212, subd. 2, par. d.)
While the Family Court has jurisdiction to hear, try and determine charges of violation of the provisions of Part I of article 65 (Education Law, § 3232), contemplating penalties of fine and imprisonment (Education Law, § 3233), the petitions herein are brought under article 10 of the Family Court Act, alleging each child is neglected in that he is not allowed to attend school in accord with Part I of article 65 of the Education Law.
Under article 10 of the Family Court Act, a neglected child is one less than 18 years of age whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent to exercise a minimum degree of care in supplying the child with education in accordance with provisions of Part I of article 65 of the Education Law (Family Ct. Act, § 1012, subd. [f], par. [i], cl. [A]; Matter of Currence, 42 Misc 2d 418).
The compulsory education provisions of article 65 thus are incorporated by reference in article 10 of the Family Court Act.
This court holds that article 65 establishes the statutory duty of the parent to cause such minor to attend upon full-time instruction (Education Law, §§ 3205, 3212, subd. 2, par. b) and *414 that proof that a minor is not attending upon instruction at a school in the district where the parent resides is prima facie proof that such minor is a neglected child under section 1012 of the Family Court Act.
The burden of then going forward with the proof shifts to the respondent parents to overcome the presumption that the minor is not attending (Education Law, '§ 3212, subd. 2, par. d) with proof that the minor is attending upon required instruction “ elsewhere ”. (Matter of Myers, 203 Misc. 549.)
Subdivision 1 of section 3204 of the Education Law states that a minor “ may attend at a public school or elsewhere”. Subdivision 2 specifies that the instruction may be given only by a competent teacher and, if given elsewhere than at a public school, it shall be at least substantially equivalent to the instruction given to minors of like age and attainments at the public schools of the district where the minor resides.
Under section 3204 (subd. 3, par. a, cl. [1]) of the Education Law, the course of study for the first eight years of full-time public day school shall provide for instruction in at least the 12 common school branches of arithmetic, reading, spelling, writing, the English language, geography, United ¡States history, civics, hygiene, physical training, the history of New York State and science. The Department of Education Regulations (8 NYCRR 1.1, 100.1) require the same subjects with the addition of music and visual arts.
Under section 3204 (subd. 4, par. a) of the Education Law, a full-time day school or class, except as otherwise prescribed, shall be in session for not less than 190 days each year, inclusive of legal holidays that occur during the term of said school and exclusive of Saturdays.
Here, respondent parents in carrying forward this burden of proof contend the instruction provided by them to these children at home satisfies the instructional requirements under section 3204 of the Education Law.
“It is settled law that a parent need not avail himself of formal educational facilities for a child in order to satisfy the requirements of the law, it being sufficiefit that a systematic course of study be undertaken at home and that the parent render qualified quality instruction.” (Matter of Walker v. Foster, 69 Misc 2d 400, 403; citing People v. Turner, 277 App. Div. 317 and Matter of Zorach v. Clauson, 303 N. Y. 161, affd. 343 U. S. 306.)
Tn Turner the Appellate Division, Fourth Department, stated “ the object of a compulsory education law is to see that children *415 are not left in ignorance, that from some source they will receive instruction that will fit them for their place in society. Provided the instruction given is adequate and the sole purpose of nonattendance at school is not to evade the statute, instruction given to a child at home by its parent, who is competent to teach, should satisfy the requirements of the compulsory education law.” (277 App. Div. 317, 319-320, supra.)
In respondents’ proof, several references were made to “ free school” and “ alternate school” and the instruction given by respondents to these children was regularly referred to as “ your school”. However, no proof was offered or suggested that the instruction given by respondents had been registered under regulations of the Commissioner of Education as required for private schools under section 3210 (subd. 2, par. e) of the Education Law.
We turn now to assess the preponderance of competent, material and relevant evidence (Family Ct. Act, § 1046, subd. [b]) that these children are attending upon required instruction elsewhere.
The respondent father holds two degrees, one an advanced degree in literature from a well-known university. He has taught English and literature in at least three school systems and in 1974 received permanent certification by the State of Hew York to teach English, 7th through 12th grades. He once taught in the 6th grade. He has studied at six universities and colleges, and here states that he is a college teacher.
The mother, who has worked as a librarian, majored in English and science when she attended a small college in a nearby State for two years. She takes a substantial responsibility in the instruction of the children and keeps the record of attendance required under subdivision 1 of section 3211 of the Education Law.
There are six children now living with the family. Janet, the eldest, is a senior attending the central school. Douglas, age 16, who does not attend school, is interested in mechanics and spends most of his time working on machinery at the family farm. Faye, the 15-year-old sister, does not attend public school but receives instruction at home with the three younger brothers. She is not included in the instant application.
The family resides on a 100-acre farm in the Town of Middle-sex. There are some 20 tillable acres, the balance being wooded. They keep about a dozen chickens and last year a cow was sold. There was testimony that corn might be planted on the tillable acreage.
*416 The father left a teaching position on August 31, 1973 and now draws unemployment, insurance. He testifies that he works six or seven hours a day on the farm, representing 50% to 75% of the time. He hopes that someday the farm will be a source of substantial income, but at this point it is not the livelihood of the family.
He states that he is directly in contact with one or another of these children in excess of five or six hours a day. He testified that “on a formal basis the only thing I teach [the three children] is math. The rest of what we teach in our school is taken care of in our daily activities ’ ’. He expresses a concept of education that the classroom should not be limited to 9:00 a.m. to 3:00 p.m., but should be a normal, natural day with instructions in a total environment by the example of adults who are themselves growing in some way. Apparently reflecting his training and experience, he hopes to start a school with an emphasis that would be environmental; real activities producing a living on a farm and being interested in things going on around us. With this in mind, he and his wife set up the instruction of these children. The father objects to the public school system and states, “ schools can’t touch creativity in our way ”.
Besides arithmetic, the father testified that he and his wife instruct the children in English language, reading together, writing plays and acting them out, writing newspapers and compositions.
Spelling and grammar are included in these projects. They talk about spelling and the parents read everything the children write. While the parents state that they discuss all of the children’s work with them and review it, there is intentionally no attempt to mark or grade their work or performance.
Arithmetic is taught by the father through certain workbooks which were not presented as part of the exhibits herein or otherwise identified. In this regard, while the psychological evaluation of all three children by the Mental Health Clinic (copies of which were provided confidentially to the Law Guardian and both attorneys prior to the hearing) indicates that all three have above average intellectual ability and advanced reading skills, two of the children scored below grade level in arithmetic and one below grade level in spelling.
The academic skills and ability of these bright youngsters may reflect the professional teaching they received when they attended school, more than the teaching efforts of their parents. *417 The 1972-1973 school records of the children stipulated in evidence show each to be an “ A ” student.
The testimony on science instruction indicates that the topics of animal husbandry, gardening, botany, zoology and astronomy are contemplated without detail on the material or the quality of the instruction involved.
United States history and the history of New York State are admittedly not “done too much with” except that they are talked about “ when it comes up ”. One of the boys does have a keen interest in the Civil War.
Testifying on the content of geography instruction, the father advises that maps and atlases are available in the house and that they plan a lot of trips. The family has attended the planetarium, the library and the theatre in Rochester and visited Central Park in New York City. It does not appear from the testimony that there is any systematic program to teach geography.
The family raises much of its own food and one of the boys is evidently interested in organic gardening. All three of the children know how to cook. The family involve themselves in playing football, volleyball, folk dancing and hiking. These interesting and pleasurable activities are presented as the curriculum in hygiene and physical training.
The testimony is that the children are learning to play the guitar and that they sing individually and with the family.
The father testified that “ school ” was held five days a week, and that the classroom was the total environment of the farm, although it appears that some instruction was given in the living room of the dwelling, at least in the morning.
The mother described the daily schedule. After breakfast and chores inside and outside the home and normally at 9:00 a.m. the children meet for instruction. Some three mornings a week they have math instruction from their father lasting about an hour. Then they turn to something else; writing letters, listening to music or plays, or reading. The given project, according to the testimony,1 ‘ grows naturally out of what our interests are at the time ”, such as planting seedlings for the garden or baking bread. The children apparently are involved in preparing lunch. There was no description of a typical afternoon’s instruction or activity.
Magazines like Organic Gardening, Psychology Today and National Geographic are available for the children in the home. Reading lists for each of the children bear out their advanced reading skills. The home library contains textbooks on geometry *418 and algebra, botany, field guides, dictionaries, encyclopedias, atlases and anthologies of poetry and prose, gardening books, health and nutrition books, children’s fiction, science fiction, a section of unidentified workbooks and books on religion, Indians, sociology, literature, music, art and an unidentified series of Time-Life books. During the five-month period of September, 1973 to February, 1974, the mother testified that the children had made four or five trips to libraries in Canandaigua and Rochester and that they had use of a mobile library, but the frequency of its use was not specified.
The attendance record required under section 3211 of the Education Law and as kept by the mother, indicates that each of the children was “ present ” on apparently every school day from September 5, 1973 to February 27, 1974. There is no indication that any of the children were ever “absent”, but the mother testified that she considered trips taken to Syracuse to be “ school days ” and marked the children as “ present ”.
Attendance elsewhere than at a public school is provided for under subdivision 2 of section 3210 of the Education Law. The hours of attendance shall be at least for as many hours and within the hours specified for the public school. Absences shall be permitted only for causes allowed by the general rules and practices of the public schools. Holidays and vacations shall not exceed in total amount and number those allowed by public schools. 1 ■
Under section 3210 (subd. d, par. 2) of the Education Law, a shorter school day or a shorter school year, or both, are authorized, but there is no proof here that the instruction given to these children has been approved by the school authorities as being substantially equivalent in amount and quality to that required under Part Í of article 65 of the Education Law.
Indeed, the instruction required under subdivision 2 of section 3204 of the Education Law elsewhere than at a public school must be at least substantially equivalent to the instruction given to minors of like age and attainments at public schools of the district where the minor resides. While the respondent parents may have the background and qualifications as competent teachers as evidenced by their familiarity with the 14 branches of" instruction covered in their testimony, their proof does not preponderantly show the home instruction here to be substantially equivalent to the instruction given at the district school in all 14 branches.
Nor does the proof show their compliance with the 190-day length of school session under section 3204 (subd. 4, par. a) of *419 the Education Law or the daily hours of attendance required under section 3210 (subd. 2, par. a) of the Education Law.
The proof here shows a lack of consistent quality in subject instruction, if not an absence of instruction in some areas and it shows the absence of a systematic approach to the course of study of the branches specified in the statute and regulations. These instructions are not adequate and the program, viewed as a whole, constitutes an attempt to evade the Compulsory Education Law.
The court makes a finding of fact that each of the respondents’ children, Thomas, John and Robert, each being less than 18 years of age, is a neglected child whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the respondents and each of them to exercise a minimum degree of care in supplying the child with education in accordance with the provisions of Part I of article 65 of the Education Law in that they, and each of them, failed to cause each child to attend upon instruction as required by law at the Gorham-Middlesex Central School where said respondents and children resided during the school year 1973-1974 or to provide at least substantially equivalent instruction to them elsewhere.
An order of protection is entered herein, that the respondents and each of them shall cause each said child to attend upon full-time instruction at a public school in the district where they reside. The said respondents and each of them are placed under the supervision of the Yates County Probation Department for a period of 18 months from the date hereof.