▪ In the Matter of ANDREW TT. and Others, Alleged to be

Neglected Children. DELAWARE COUNTY DEPARTMENT OF SO-CIAL SERVICES, Appellant; WAYNE UU. et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered May 23, 1985, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

The charges of educational neglect lodged against respondents by petitioner derive from the failure of their children, then seven and nine years of age, to attend an educational institution within the school district or to receive substantially equivalent instruction to that provided to children of like age and attainments in local public schools. It is also alleged that respondents failed to provide school officials with proof that the instructions the children were receiving at home met the requirements of Education Law § 3204 and, further, that respondents have not afforded appropriate school officials the opportunity to evaluate the quality of education being furnished to the children.

In August 1984, the neglect petition came on for hearing and, on consent of the parties and with Family Court's approval, was adjourned in contemplation of dismissal upon terms designed to accommodate respondents' desire to educate their children at home and yet to assure to the school district the opportunity to measure fully the level of instruction being given. Although respondents' cooperation with school district authorities, an essential ingredient of that agreement, was expressly promised, the school district's repeated efforts to gain information needed to make that determination met with parental hostility and noncooperation. As a result, the matter was restored to the Family Court Calendar for a fact-finding hearing held in May 1985.

There, petitioner's testimonial and documentary proof disclosed that respondents not only frustrated the school officials in their attempt to observe the teaching ostensibly occurring in their home, but also totally ignored numerous requests by the school district for production of their curriculum, lesson plans and school calendars. Respondents, who chose to forego counsel at this hearing, offered no defense aside from an ineffectual objection to Family Court's jurisdiction. The petition was dismissed, however, because the court concluded that petitioner's evidence was insufficient to establish a prima facie case of neglect. It reasoned that since no proof had been adduced as to the nature and quality of instruction available in the public schools, there was no standard against which to

compare respondents' teaching for purposes of determining whether they were providing a "substantially equivalent" education.

We reverse. The purpose of the State's compulsory education law (Education Law, art 65, part I) is to ensure that "children are not left in ignorance, that from some source they will receive instruction that will fit them for their place in society" *(People v Turner,* 277 App Div 317, 319). Because achieving this goal is of paramount State concern *(Matter of Franz,* 55 AD2d 424, 430), we see nothing injudicious in the requirement that parents who elect to withdraw their children from traditional educational institutions must have the worth of their home schooling program weighed by school authorities *(see,* Education Law § 3212 [2] [d], [e]). Beyond that, we note that the terms of the adjournment in contemplation of dismissal presupposed that such an assessment was to be made and, in significant addition, that one authoritative source has observed that "[t]he parents' refusal to allow such an evaluation properly raises an inference that the instruction is inadequate and can be the basis of a finding of neglect" (Besharov, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012 [1986 Pocket Part], p 31). Respondents' lack of cooperation permits of none but the disquieting inference of neglect, making it unnecessary to reach the burden of proof issue which occupied Family Court *(see, Matter of Kilroy,* 121 Misc 2d 98; *Matter of Thomas H.,* 78 Misc 2d 412).

Order reversed, on the law, without costs, petition granted and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.