*798 OPINION OF THE COURT
Dan Lamont, J.
In this child protective proceeding, the respondents on April 1, 1986, admitted that their son, Adam D. (born Nov. 19, 1976), is a child less than 18 years of age whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parents to exercise a minimum degree of care in supplying the child with adequate education in accordance with the provisions of Education Law, article 65, part I, in that Adam D. did not attend a formal public, private, or parochial school and that there has been a failure pursuant to Education Law § 3204 (2) to provide Adam D. with education and instruction that is substantially equivalent to that of the local public school. The underlying petition was filed on January 25, 1985, and the adjudication of educational neglect is effective as of that date.
A dispositional hearing was conducted before this court on April 10th, April 16th and April 17, 1986. William S. Miller, Director of Elementary Education, and John F. Murray, Sr., Superintendent of Schools, Cobleskill Central School District, testified on behalf of the petitioner and the school district. Dr. Raymond S. Moore, Mrs. Frances Nolan, and Mrs. Linda Cross testified for the respondents, both of whom also gave testimony in their own behalf. The court also interviewed the child, Adam D., in chambers in the presence of the Law Guardian. Adam presents himself as a bright, articulate, and happy youngster, who loves his parents and does not mind learning at home, but thinks he might prefer to go to school with his friends.
Numerous exhibits were received in evidence, including extensive correspondence, State Education Department Guidelines on Home Instruction, attendance records, resumé and credentials of Dr. Moore, educational articles, proposed curriculum, and numerous books and educational materials, principally from the Hewitt-Moore Child Development Center.
A dispositional hearing is defined in Family Court Act § 1045 as a hearing to determine what order of disposition should be made. The Family Court has "wide latitude in fashioning dispositional orders.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Fam Ct Act § 1052, p 423; Family Ct Act § 1052.) The dispositional hearing should be a full and up-to-date inquiry into the status of the *799 family and the child’s need for protection so that a disposition appropriate to present conditions may be made. (Matter of Urdianyk, 27 AD2d 122 [4th Dept 1967].)
Simply stated, the issue presented is what, if any, Family Court intervention is necessary to enable the State in carrying out its role as parens patriae to insure that Adam D. receives adequate educational instruction? The focus of the dispositional hearing is the educational best interests of Adam D., which have been determined to have been neglected by his parents.
Preliminarily, it must be clearly understood that the issue here is not the merits of home schooling versus public education. The law provides that parents need not avail themselves of formal educational facilities, provided that a systematic course of study be undertaken at home, that the parent render qualified instruction, and that the education the child receives must be at least substantially equivalent to the instruction given to minors of like age and attainments at public schools of the district where the minor resides. (Education Law § 3204; Matter of Franz, 55 AD2d 424 [2d Dept 1977]; People v Turner, 277 App Div 317 [4th Dept 1950]; Matter of Thomas H., 78 Misc 2d 412 [Fam Ct, Yates County 1974]; Matter of Walker v Foster, 69 Misc 2d 400 [Fam Ct, Kings County 1972].) This court willingly accepts its sworn duty to follow and apply such well-settled law.
However, what is clearly and unequivocally involved in this case is a home schooling failure. Such failure to provide a substantially equivalent education is documented by the respondents’ admissions, as well as the court-ordered achievement testing in August 1985, indicating that Adam at eight years, nine months (age appropriate to enter third grade) was a nonreader. Mr. and Mrs. D. as of August 1985 had not carried the burden which they elected to shoulder.
In August 1985, Mrs. Linda Cross, a certified teacher, who educates her own children at home with the approval of the Cobleskill Central School District, befriended the D.’s and became actively involved in Adam’s home schooling. What followed can best be described as "home schooling remediation”. Regarding Adam, Mrs. Cross testified that she "started at the beginning”, and instructed Adam at a first grade and then second grade level in reading. She assisted Mrs. D. in curriculum, lesson plans, attendance records, and instructional ability and techniques — all of which Mrs. D. was eager to learn and apply.
*800 In this court’s view, what occurred was remediation of Adam in reading and mathematics by a certified teacher, as well as remediation of Mrs. D. as a teacher by a trained certified teacher. Having heard all of the evidence presented and spoken with Adam in chambers, this court is not at all persuaded that Adam’s "readiness” to read and to learn precisely corresponded in date and time with the first organized, systematic, competent efforts to educate him which began in September 1985.
Further testing of Adam D. on April 7, 1986, indicated that Adam made strong gains in reading, and moderate gains in math. Achievement levels in reading were on grade level. Moderate deficits were displayed in mathematics and skills. Severe deficits were displayed in written language, especially spelling, capitalization, and punctuation.
The respondents have placed in evidence numerous educational materials for home instruction from the Hewitt-Moore Child Development Center. In view of the progress which has been made, the respondents argue that the Family Court should fashion a dispositional order which will allow and approve the continuation of home instruction.
The school district cites Adam D.’s previous and present educational deficiencies, and recommends that the court suspend judgment on condition that the respondents take proper steps to insure the child’s regular attendance at school (Family Ct Act § 1053; 22 NYCRR 205.83 [a] [4]).
In light of the admitted educational neglect of Adam D., this court has a duty to fashion a dispositional order which will assure that such educational neglect will be remedied.
Of further concern in this case is respondent parents’ assertion that the school district has been hostile and uncooperative. In this court’s considered opinion, after being involved in this case upon several occasions over the course of 14 months, the respondents until April 1986 effectively "stonewalled” any attempts by the school district or the Family Court to determine Adam D.’s educational status. In August 1985, it became painfully obvious that Adam D. had not received a substantially equivalent education at home, and that in fact his education had been neglected.
While this court does not question the absolute sincerety of the respondents’ principles and beliefs, what does seem apparent is that the respondents did not have the faintest idea as to how to go about providing their son with a substantially *801 equivalent education at home, with the involvement and approval of the school district. Absent any intervention by the Department of Social Services in cooperation with the school district, and the pressure brought to bear by the neglect proceedings and the court-ordered achievement testing, one can only wonder what Adam D.’s academic progress would be today.
The school district has approved of a number of home instruction programs within the district, including the home instruction by Mrs. Linda Cross. The school has demonstrated a sincere, concerned commitment to the educational best interests of Adam D. It is the respondents who have admitted educational neglect of their son, and who have been emotional, hostile, and uncooperative in allowing the school district to carry out its responsibility to see that Adam D. receives a substantially equivalent education.
In light of the respondents’ firmly held convictions and desires relative to home instruction, and considering that respondents have three younger children ages six, four, and one, it is the respondents who are going to have to change their attitude if their younger children are to receive substantially equivalent home instruction approved by the school district.
Notwithstanding the respondents’ assertions to the contrary, this court determines and holds that the local public school Board of Education, through the Superintendent of Schools, is responsible for ascertaining whether a child receives instruction substantially equivalent in time and quality to that provided in the public school. Although Family Courts have necessarily made findings as to teacher competency and curriculum during fact-finding hearings involving the issue of "substantially equivalent” home instruction, such findings are confined to the question as to whether or not a child had been neglected. (Cf. Matter of Falk, 110 Misc 2d 104 [Fam Ct, Lewis County 1981]; Matter of Thomas H., supra.)
The primary responsibility of evaluating prospective home instruction clearly and unequivocally rests with the local public school Board of Education, through the Superintendent of Schools. (Guidelines on Home Instruction [Sept. 1985] New York State Education Dept.) The evaluation of a program of home instruction necessarily involves expertise in evaluation of curriculum, teacher competency, student achievement and ability, as well as an evaluation of any supplemental tutoring *802 of the student by trained, certified teachers, or assistance to the home instructor by trained, certified teachers. Without question, the Family Court is neither authorized nor competent to approve or disapprove of prospective home instruction for Adam D. during the 1986-1987 school year.
The law requires that the respondents’ child attend upon full-time instruction (Education Law § 3205 [1] [a]) at a public school or elsewhere (Education Law § 3204 [1]). A systematic course of study undertaken at home, with the parents either rendering or providing for qualified instruction, is sufficient if the education the child receives is " 'at least substantially equivalent to the instruction given to minors of like age and attainments at the public school of the city or district where the minor resides.’ ” (People v Turner, 277 App Div 317, 319, supra; Matter of Thomas H., 78 Misc 2d 412, supra; Matter of Walker v Foster, 69 Misc 2d 400, supra.)
At this juncture, this court has a duty to make sure that Adam D. receives an adequate education pursuant to law. In light of the significant and substantial progress made by Adam D. and his teacher, Signa D., with the assistance of Linda Cross, continued home schooling does not seem to be completely out of the question; however, it does seem apparent that some guidance and tutoring by a certified teacher are probably required. In any event, the respondents must either secure approval for home instruction from the local Board of Education — through the Superintendent of Schools — or else cause their son to attend upon full-time instruction at a public, private, or parochial school.
As evidenced by the Guidelines on Home Instruction (op. cit.), the Commissioner of Education of the State of New York implicitly recognizes and embraces the applicable laws which recognize the rights of parents to provide substantially equivalent home instruction. The testimony at the dispositional hearing clearly indicates that the Board of Education of the Cobleskill Central School, and its Superintendent of Schools and Director of Elementary Education, are firmly committed to their obligation to review and approve of home instruction which is substantially equivalent. Meaningful review necessarily includes evaluation of curriculum and teacher competency, on-sight inspections, standardized achievement testing of the student to monitor progress, and regularly kept attendance records.
It seems almost axiomatic that — except in cases of excep *803 tionally well-qualified parent-teachers and/or exceptionally able students — the day eventually and inevitably arrives when substantially equivalent home instruction can no longer be provided or maintained. Most parents simply cannot teach, nor can most students effectively teach themselves, advanced English or history, much less the intricacies of algebra, geometry, biology, chemistry, and physics. (Cf. Matter of Falk, 110 Misc 2d, at p 111.)
The determination as to whether or not home instruction is providing a "substantially equivalent” education clearly belongs within the province of the Superintendent of Schools, subject to review by the Commissioner of Education of the State of New York, both of whom have the expertise to evaluate the teacher, the curriculum, and the student— through the use of standardized testing.
This court finds and determines that Adam D.’s best educational interests require that the respondents be placed under the supervision of the Schoharie County Department of Social Services pursuant to the provisions of Family Court Act § 1057 for an initial period of 18 months.
The terms and conditions of the order of supervision will require that the respondents:
(1) Take proper steps to insure the child’s regular attendance at school, to wit: to cause the child to attend public, private, or parochial school, or attend upon home instruction substantially equivalent to the instruction given to minors of like age and attainments at the Cobleskill Central School and approved by the Cobleskill Central School Board or the Commissioner of Education of the State of New York.
(b) Cooperate with the supervising agency in remedying the acts or omissions found at the fact-finding hearing to constitute or to have caused the neglect.
(3) Meet with the supervising agency alone and with the child when directed to do so by that agency.
(4) Report to the supervising agency when directed to do so by that agency.
(5) Cooperate with the supervising agency in arranging for and allowing visitation in the home.
(6) Notify the supervising agency immediately of any change of residence or employment of the respondents or of the child.