Matter of Young Advocates for Fair Educ., Inc. v Rosa
2026 NY Slip Op 03861
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Young Advocates for Fair Education, Inc., Respondent,
v
Betty A. Rosa, as Commissioner of Education, Appellant.

Decided and Entered:June 18, 2026
CV-25-0866
Calendar Date: April 21, 2026
Before: Garry, P.J., Ceresia, Powers And Mackey, JJ.

Letitia James, Attorney General, Albany (Jeffrey W. Lang of counsel), for appellant.
Christopher Hazen, Staten Island, for respondent.

[*1]
Mackey, J.
Appeal from a judgment of the Supreme Court (Stephan Schick, J.), entered April 14, 2025 in Albany County, which, among other things, granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent dismissing petitioner's administrative appeals pursuant to Education Law § 310.
Petitioner (also known by the acronym YAFFED), a non-profit organization founded by a former yeshiva student, is dedicated to improving the quality of education in Hasidic and Haredi yeshivas. Respondent in turn is tasked to enforce the requirements of the Education Law, including that private schools provide instruction that is "substantially equivalent" to that of public schools in the district where they are located (Education Law § 3204 [2]).
In July 2015, petitioner filed a complaint (hereinafter the 2015 complaint), signed by numerous former yeshiva students and parents of current yeshiva students, raising concerns as to the quality of the education provided at more than 30 yeshivas throughout New York City. In August 2018, the New York City Department of Education (hereinafter DOE) sent a letter informing respondent of the 2015 complaint, the steps taken to address the concerns raised therein and a request for further guidance. DOE later updated respondent in December 2019, noting the progress made by some of the yeshivas at issue while also confirming DOE's intent to continue its efforts in addressing the concerns raised in the 2015 complaint.
In July 2022, petitioner and its founder, Naftuli Moster, filed a petition pursuant to Education Law § 310 and 8 NYCRR 275.2 requesting that respondent order DOE to conclude its investigation related to the 2015 complaint and to release its findings and recommendations. In January 2023, respondent dismissed the petition for improper service, but separately ordered DOE to complete its investigation. DOE thereafter issued its final report in June 2023, determining that several, but not all, of the schools identified in the 2015 complaint were failing to provide a substantially equivalent education to their students. Petitioner challenged DOE's response in three separate administrative appeals to respondent, arguing that DOE failed to comply with respondent's January 2023 order (hereinafter YAFFED I), seeking an order directing DOE to work with the identified yeshivas to remediate any educational deficiencies (hereinafter YAFFED II) and seeking an order directing DOE to provide full reports on the instruction offered at certain yeshivas (hereinafter YAFFED III). Respondent ultimately dismissed the appeals for lack of standing, in addition to finding that a portion of the YAFFED I appeal was untimely insofar as it concerned a determination of substantial equivalency made in 2019 as to two of the named yeshivas.
Petitioner commenced this hybrid proceeding/action seeking, among other relief, a declaratory ruling pursuant to CPLR 3001 [*2]that petitioner has standing as it relates to YAFFED I, II and III and to vacate respondent's determination as arbitrary and capricious and/or an abuse of discretion. Respondent opposed and filed a motion to dismiss the claim arguing, among other things, that petitioner lacks standing and that the challenged determination was otherwise rationally based. Upon review, Supreme Court vacated respondent's dismissals and found that petitioner had established standing as to YAFFED I, II and III and, further, that YAFFED I was timely in its entirety. Accordingly, the court denied respondent's motion to dismiss. Respondent appeals, and we affirm.
We agree with Supreme Court that petitioner has standing to sue. The issue of standing having been raised, petitioner "bore the burden of demonstrating an injury in fact and that the alleged injury falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the government has acted in order to have standing to challenge that action" (Matter of Parents for Educ. & Religious Liberty in Schs. v Young, 230 AD3d 83, 87 [3d Dept 2024] [internal quotation marks and citations omitted], affd 44 NY3d 477 [2025]; see Matter of Gronbach v New York State Educ. Dept., 221 AD3d 1385, 1387 [3d Dept 2023], lv denied 41 NY3d 906 [2024]). "The injury-in-fact requirement necessitates a showing that the party has an actual legal stake in the matter being adjudicated and has suffered a cognizable harm that is not tenuous, ephemeral, or conjectural but is sufficiently concrete and particularized to warrant judicial intervention" (Matter of Stevens v New York State Div. of Criminal Justice Servs., 40 NY3d 505, 515 [2023] [internal quotation marks and citations omitted]). Although the purpose of this requirement "is closely aligned with our policy not to render advisory opinions, [the Court of Appeals has] also cautioned that standing rules should not be applied in an overly restrictive manner where the result would be to completely shield a particular action from judicial review" (id. at 515 [internal quotation marks, brackets and citations omitted]). To this end, the Education Law expressly provides that "[a]ny party conceiving himself [or herself] aggrieved may appeal by petition to [respondent]" (Education Law § 310). As is pertinent here, an organization may establish its standing to sue where it can " 'show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members' " (Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d 913, 914 [3d Dept 2023], quoting New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]).
At the core of petitioner's challenge to the underlying DOE findings is Education Law § 3204, which mandates that "[i]nstruction given to a minor elsewhere than at [*3]a public school shall be at least substantially equivalent to the instruction given to minors of like age and attainments at the public schools of the city or district where the minor resides" (Education Law § 3204 [2] [emphasis added]). The record here reflects that petitioner's membership consists of former yeshiva students and the parents of current yeshiva students, among others associated with the named yeshivas. In seeking DOE's investigation of the yeshivas as identified in the 2015 complaint, petitioner raised several concerns that the education offered was not substantially equivalent to that available in public schools, both in the quality and the scope of the secular courses provided.FN1 These assertions were echoed in petitioner and Moster's 2022 petition requesting that respondent direct DOE to complete its investigation of the 2015 complaint. In opposing respondent's motion to dismiss for lack of standing, petitioner submitted the affidavit of its founder, Moster, in which he described in detail the various alleged insufficiencies in his yeshiva education and the resulting significant challenges that he endured as a young adult, professionally and socially, emphasizing the significant lack of English instruction, among other curriculum deficiencies. It was alleged that Moster's experience was not unique but shared by other current and former yeshiva students.
In determining whether petitioner established its standing based upon the foregoing, we are mindful that, in requiring that students attending private institutions receive an education that is "substantially equivalent" to that provided in public schools in the same district (Education Law § 3204 [2]), our Education Law seeks to safeguard "a child's right to a sound basic education, as necessary to ensure their ability to meaningfully participate in society and government, a goal that 'is of paramount State concern' " (Matter of Parents for Educ. & Religious Liberty in Schs. v Young, 230 AD3d at 88, quoting Matter of Andrew TT., 122 AD2d 362, 364 [3d Dept 1986]; see Education Law §§ 3205 [1] [a]; 3212 [2] [b]). Accordingly, DOE's finding of substantial equivalency, or a lack thereof, is a necessary precursor to ensuring the quality of education provided to students at yeshivas in the New York City area.
In view of this statutory framework, current yeshiva students certainly have standing to challenge a finding as to the substantial equivalency of the education that they are receiving. As to former students, it is axiomatic that education is intended to prepare students for the rest of their lives and, as such, the impact of deficiencies in one's education may very well have enduring adverse consequences. Moreover, we are mindful that, as a minor's ability to bring a lawsuit is limited and the matter here concerns school-aged children, to hold that former yeshiva students lack standing merely because they are no longer students (having completed their programs) would effectively [*4]eviscerate their ability to sue for an infringement upon their right to sound basic education.FN2 Under these circumstances, we are satisfied that petitioner has demonstrated that its members have already suffered, or "are reasonably certain to suffer," harm related to DOE's findings and investigation of substantial equivalency as to the yeshivas identified in the 2015 complaint (see Education Law §§ 310, 3204 [2]; 3205 [1] [a]; 3212 [2] [b]; Matter of Parents for Educ. & Religious Liberty in Schs. v Young, 230 AD3d at 88; see also New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211). Petitioner's standing having thus been established, Supreme Court properly denied respondent's motion to dismiss the petition/complaint on that basis.
We similarly reject respondent's challenge to the timeliness of that portion of petitioner's appeal in YAFFED I related to DOE's substantial equivalency findings as to two Bais Ruchel yeshivas in 2019. Specifically, petitioner alleges that DOE failed to issue a final report as to the two Bais Ruchel yeshivas, in violation of respondent's 2023 order, whereas respondent maintains that DOE had already released its findings in this regard in 2019. "The statute of limitations for a challenge to a governmental determination begins to run when the determination to be reviewed becomes final and binding upon the petitioner" (Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1308 [3d Dept 2019] [internal quotation marks and citations omitted], lv dismissed 34 NY3d 1010 [2019]), which occurs when "the agency [has] reached a definitive position on the issue" (Matter of Singleton v New York State Off. of Children & Family Servs., 161 AD3d 1357, 1358 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Coney Is. Preparatory Pub. Charter Sch. v New York State Educ. Dept., 224 AD3d 1203, 1205-1206 [3d Dept 2024]). "When an administrative body itself creates ambiguity and uncertainty concerning the finality of a determination, however, affected parties should not have to risk dismissal for prematurity or untimeliness by necessarily guessing when a final and binding determination has or has not been made. Under these circumstances, the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his or her day in court" (Matter of Adirondack Med. Center-Uihlein v Daines, 119 AD3d 1175, 1177 [3d Dept 2014] [internal quotation marks, brackets and citations omitted]). As is applicable here, "[a]n appeal to [respondent] must be instituted within 30 days from the making of the decision or the performance of the act complained of" (8 NYCRR 275.16).
DOE's August 2018 letter to respondent identified the steps that it had already taken in response to the 2015 complaint while also seeking further guidance from respondent as to how to proceed. DOE's 2019 letter to respondent — which respondent [*5]argues constituted DOE's final determination as to the two subject Bais Ruchel yeshivas — was framed as a "follow up" to the August 2018 letter. Therein, DOE noted the progress of several yeshivas in implementing changes to their curriculum but clarified that DOE remained "in the middle of the applicable process for almost all of the schools," without reference to any specific yeshiva. DOE explained that the "process [was] not over" and that it had "made a preliminary assessment based on the information it has" and would share these "initial assessments" with the yeshivas, although such were "subject to change." Again, DOE clarified that its findings "should be viewed as directional feedback as part of an ongoing process, not as conclusions." Although DOE asserted that two yeshivas were considered substantially equivalent at that time, those yeshivas were not specifically identified, there was no indication that such determinations were final and DOE committed to "continue its collaboration with the schools." As DOE's December 2019 letter to respondent failed to identify the yeshivas found to be substantially equivalent at that time, and also expressly stated that such findings were preliminary and nonfinal, we cannot conclude that the same constituted DOE's final determination as to the two Bais Ruchel yeshivas at issue. To the extent that DOE also sent a letter to a Bais Ruchel elementary yeshiva that same December, in which it noted that the instruction observed during DOE's investigation was found to be substantially equivalent, certain curricula were nevertheless found to be absent and DOE offered its continued support to assist the yeshiva in improving its instruction and, thus, this letter likewise failed to unambiguously communicate whether its findings were final. Accordingly, Supreme Court properly determined that respondent erred in dismissing as untimely that portion of the petition challenging DOE's failure to include the two subject Bais Ruchel in its 2023 final report (see Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d at 1308-1309; compare Smith v State of New York, 201 AD3d 1225, 1228-1229 [3d Dept 2022]).
Respondent's remaining arguments have been considered and found to be lacking in merit.
Garry, P.J., Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1
Respondent's contention that the list of signatories to the 2015 complaint was not included in the administrative record, such that Supreme Court erred in relying upon same, is belied by the record. Indeed, the record is replete with numerous reports and correspondences referencing the 2015 complaint, including the relevant circumstances of the signatories identified therein.

Footnote 2
We note that although DOE received the underlying complaint in 2015 it did not complete its investigation until eight years later in 2023, after being ordered to do so by respondent.