■ In the Matter of JEREMY VV., a Child Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CLIFFORD VV., Respondent. [608 NYS2d 575] — Mercure, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered February 2, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

In April 1992 petitioner commenced this proceeding alleging that respondent was guilty of neglecting his son, Jeremy, because of his alleged failure to provide adequate medical care or proper supervision and guardianship based upon allegations that he failed to adequately consult with school officials regarding Jeremy's educational problems and cooperate in remedial efforts. Following an October 1992 fact-finding hearing, Family Court determined that there was insufficient evidence to support a finding of either educational or medical neglect. The petition was, accordingly, dismissed. Petitioner appeals.

As relevant to this case, "Neglected child" is defined as: "a child less than eighteen years of age (i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise *a minimum degree of care* (A) *in supplying the child with adequate * * * education*

*in accordance with the provisions of part one of article sixty-five of the education law,* or medical * * * care, though financially able to do so or offered financial or other reasonable means to do so; or (B) *in providing the child with proper supervision or guardianship,* by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by misusing a drug or drugs; or by misusing alcoholic beverages to the extent that he loses self-control of his actions; or *by any other acts of a similarly serious nature requiring the aid of the court"* (Family Ct Act § 1012 [f] [emphasis supplied]).

On appeal, petitioner restricts its argument to the contention that respondent's refusal to cooperate with the recommendations of school officials relative to Jeremy's education and well-being constituted a failure to exercise a minimum degree of care in providing Jeremy with proper supervision and guardianship by acts of a serious nature requiring the aid of the court *(see,* Family Ct Act § 1012 [f] [i] [B]). We disagree, and accordingly affirm. Clearly, the proof adduced at the fact-finding hearing supports petitioner's contention that Jeremy was a very poor student. He consistently performed at or near a failing level, generally failed to complete homework assignments and was unmotivated and disruptive in class. The record also establishes that respondent consistently refused or neglected to cooperate with teachers and administrators in their efforts to help Jeremy succeed at school. Specifically, the proof showed (as found by Family Court) that respondent generally ignored requests by school personnel that he attend conferences set up for the purpose of finding ways to improve Jeremy's behavior. On one occasion when he did respond, his behavior was belligerent. He also failed to arrange recommended private tutoring and refused to permit Jeremy's placement in a special education program. We conclude, however, that this conduct does not constitute neglect within the purview of Family Court Act § 1012 (f) (i) (B) as a matter of law.

It is a fundamental canon of statutory construction that "[w]here special provision is made for one class, a general provision that might be applicable to that class, will not be deemed to include that class, but it will be assumed to be the legislative intent that the specific provision shall be applied to the class to which it refers and the general provision to all other classes, for which specific provision has not been made" *(Schieffelin v Craig,* 183 App Div 515, 522; *see, People v Lawrence,* 64 NY2d 200, 204; McKinney's Cons Laws of NY,

Book 1, Statutes § 238). Here, Family Court Act § 1012 (f) provides a specific definition of parental neglect as related to furnishing a child with an adequate education and requires only that a parent comply with the legal mandate of the Education Law that the child attend an educational institution within the school district or receive substantially equivalent instruction elsewhere *(see,* Family Ct Act § 1012 [f] [i] [A]; Education Law § 3212 [2] [b], [d]; *Matter of Andrew TT.,* 122 AD2d 362). The Legislature having made such provision, we are not at all persuaded by petitioner's contention that, despite respondent's compliance with the requirements of Education Law article 65, part 1, the general "catch-all" provision of Family Court Act § 1012 (f) (i) (B) requires more and permits a finding of neglect because respondent did not adequately assist the school personnel in educating his son.

As a final matter, to the extent that the issue was raised on appeal, our review of the record provides no basis for disturbing Family Court's finding that petitioner failed to establish by a preponderance of the evidence that Jeremy's mental or emotional condition had been impaired or was in imminent danger of being impaired as the result of respondent's failure to exercise a minimum degree of care in supplying Jeremy with adequate medical care, though financially able to do so (Family Ct Act § 1012 [f] [i] [A]; *cf., Matter of Heith S.,* 189 AD2d 875, 876; *Matter of Faridah W.,* 180 AD2d 451, 452, *lv denied* 80 NY2d 751).

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.