■ In the Matter of W. CHILDREN. ELAINE W., Appellant; ANGEL GUARDIAN HOME et al., Respondents. [640 NYS2d 235] —In two proceedings pursuant to Social Services Law § 384-b to terminate parental rights based on permanent neglect, the mother appeals from a dispositional order of the Family Court, Kings County (Palmer, J.), entered November 3, 1993, which,

after a fact-finding hearing, adjudged that she failed to comply with the terms and conditions of a suspended judgment of the same court, dated March 25, 1993, terminated her parental rights, and awarded custody and guardianship of the children to the petitioner-respondent Angel Guardian Home for purposes of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Angel Guardian Home (hereinafter the agency) instituted these proceedings on or about August 20, 1992, seeking to terminate the mother's parental rights to her two children, Tiffanae W. and Stephanie W., then ages 11 and 9, respectively, on the ground of permanent neglect. On March 1, 1993, the mother admitted in open court that she had permanently neglected them. By order dated March 25, 1993, the court adjudged that the mother had permanently neglected the children but suspended judgment for seven months upon the condition that the mother comply with certain requirements set forth in the order. On April 12, 1993, the agency moved to revoke the suspended judgment, contending that the mother had violated certain terms and conditions of the order dated March 25, 1993. A fact-finding hearing took place on October 1, 1993, as a result of which the Family Court determined that the mother had violated the terms of the suspended judgment by failing to return the children after an unsupervised day visit and failing to attend numerous visits scheduled thereafter. Thereafter, on the same date, the court conducted a dispositional hearing, and terminated the mother's parental rights. On November 3, 1993, an order was entered terminating the mother's parental rights and awarding the agency custody and guardianship of the children.

The mother argues that her due process rights were violated because the suspended judgment was not reduced to writing until March 25, 1993, two weeks after she violated its terms and conditions by failing to return the children to the agency after her first unsupervised visit. We disagree. When a court makes a determination of permanent neglect based upon a parent's admission and, with the parties' consent, grants a suspended judgment for a specified time period, that stipulation is binding on the parties regardless of whether the stipulation is reduced to a written order and entered (see, CPLR 2104; Matter of Kim Shantae M., 221 AD2d 199). Here, while the terms and conditions of the suspended judgment were not issued by the court in a written order until March 25, 1993, they were still binding on the mother on the date of her first

unsupervised visit on March 6, 1993, since they were previously stipulated to in open court by the mother and her counsel.

Further, in view of the mother's demonstrated lack of commitment, the evidence at the dispositional hearing that the children had lived with the foster mother for approximately four years, that the foster mother was particularly capable of attending to the children's special needs, and that the foster mother wanted to adopt them, clearly justified the Family Court's finding that termination of the mother's parental rights was in the children's best interests (*see, Matter of Joshua Justin T.,* 208 AD2d 469).

We have reviewed the mother's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.