■ In the Matter of CHAD V., a Child Alleged to be Neglected. ST. LAWRENCE DEPARTMENT OF SOCIAL SERVICES, Respondent; SHIRLEY V., Appellant. (Proceeding No. 1.) In the Matter of SABRINA V., a Child Alleged to be Neglected. ST. LAWRENCE DEPARTMENT OF SOCIAL SERVICES, Respondent; SHIRLEY V., Appellant. (Proceeding No. 2.) [695 NYS2d 764] —Cardona, P. J. Appeals from two orders of the Family Court of St. Lawrence County (Nelson, J.), entered May 22, 1998, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of Chad, born in 1982, and Sabrina, born in 1992. In September 1997, petitioner commenced a proceeding against respondent under Family Court Act article 10 alleging, *inter alia*, that respondent failed to provide Chad with an adequate education in accordance with Education Law article 65. Petitioner commenced a similar proceeding against respondent with respect to Sabrina alleging, *inter alia*, that by virtue of respondent's actions with respect to Chad, Sabrina was at risk of similar neglect. Family Court issued temporary orders of protection directing respondent to, *inter alia*, enroll Chad and Sabrina in school and make sure they did not miss more than one day without a doctor's excuse. Thereafter, petitioner filed amended petitions and a fact-finding hearing was conducted. At the conclusion of the hearing, Family Court rendered decisions finding that respondent's failure to send Chad to school in September 1997 amounted to educational neglect and that finding supported a derivative finding of neglect with respect to Sabrina. After a dispositional hearing, Family Court issued orders of supervision for 12 months sustaining the finding of educational neglect concerning Chad and the derivative finding of neglect of Sabrina, and directing respondent to comply with certain conditions. Respondent appeals.

Respondent contends that petitioner's findings of educational neglect and derivative neglect are not supported by the evidence. We disagree. Family Court Act § 1012 (f) (i) (A) defines a neglected child as a child under the age of 18 years "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * * in supplying the child with adequate * * * education in accordance with the provisions of part one of article sixty-five of the education law" (*see, Matter of Jeremy VV.*, 202 AD2d 738, 738-739). The statute requires that proof of neglect be established by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Jennifer N.*, 173 AD2d 971, 972). Notably, "[p]roof that a minor child is not attending a public or parochial school in the district where the parents reside makes out a prima facie case of educational neglect" (*Matter of Christa H.*, 127 AD2d 997; *see, Matter of Ryan J.*, 255 AD2d 999, 999-1000).

In these proceedings, school officials testified that for the 1997-1998 school year, Chad did not attend school until September 25 or 26, 1997 even though school began on September 4, 1997. The school principal stated that when he requested respondent to send Chad to school, she indicated that she was not interested in sending her children to school. There was also proof from the school psychologist that Chad had learning disabilities in math and was in need of guidance in improving his social skills and personal hygiene habits. Inasmuch as respondent failed to offer any evidence to show that Chad was attending school, we conclude that petitioner's finding of educational neglect with respect to this child is supported in this record (*see, Matter of Kyle T.*, 255 AD2d 945, *lv denied* 93 NY2d 801).

Likewise, we find no reason to disturb the derivative finding of neglect concerning Sabrina. Family Court Act § 1046 (a) (i) provides that in a hearing under Family Court Act article 10 "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child". As we noted in *Matter of Daniella HH.* (236 AD2d 715, 716), "[d]erivative findings of neglect should be entered where the evidence as to the child found to be neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in respondent's care". In the instant case, school officials testified that respondent failed to enroll Sabrina in school at the beginning of the 1997-1998 school year although she eventually did so on October 6, 1997.

Again, it is noted that according to the school principal, respondent indicated that she had no interest in sending Sabrina to school. The school superintendent testified that when she discussed the topic, respondent told her "the F.B.I and I.R.S. were out to get the school". Considering the foregoing and in light of Sabrina's tender years along with the evidence pertaining to Chad in this record, we are of the view that petitioner's derivative finding of neglect of Sabrina is sufficiently supported (*see, Matter of Katie R.,* 251 AD2d 698, 700, *lv denied* 92 NY2d 809).

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.