■ In the Matter of EMBER R., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANA R., Appellant. (Proceeding No. 1.) In the Matter of RENAISSANCE S., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANA R., Appellant. (Proceeding No. 2.) [727 NYS2d 767] —Rose, J. Appeals from two orders of the Family Court of St. Lawrence County (Nelson, J.), entered March 13, 2000 and March 17, 2000, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of two children, Renaissance S. and Ember R., born in 1983 and 1988, respectively. In April

1999, petitioner filed petitions under Family Court Act article 10 alleging, *inter alia*, that respondent failed to provide Renaissance with a proper education and that, due to such neglect, Ember was at risk of similar neglect. At the conclusion of the fact-finding hearing, Family Court found that Renaissance and Ember were neglected children because respondent failed to exercise a minimum degree of care in supplying them with an education. Following a dispositional hearing, Family Court, *inter alia*, sustained the findings of educational and derivative neglect. Respondent now appeals.

Turning first to respondent's contention that Family Court's findings of neglect lack sufficient evidentiary support, we note that Family Court Act § 1012 (f) (i) (A) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * * in supplying the child with adequate * * * education in accordance with the provisions of part one of article sixty-five of the education law" (*see, Matter of Chad V.*, 265 AD2d 607, 608, *lvs denied* 94 NY2d 757, 758; *Matter of Jeremy VV.*, 202 AD2d 738, 738-739). To establish such neglect by a preponderance of the evidence, the child's absence from school need not be permanent and accompanied by a total lack of contact between the parent and the school as was true in *Matter of Chad V.* (*supra*). Rather, the record need only establish a significant, unexcused absentee rate that has a detrimental effect on the child's education (*see, Matter of Aishia O.*, 284 AD2d 581, 583-584.

The record here establishes that Renaissance had 38 illegal absences from school, was tardy another 38 days and, as a result, had a significant decrease in her grade point average to far below passing level during the 1998-1999 school year. Although respondent argued that Renaissance's poor attendance was caused not by any neglect on her part, but by student harassment at school and by Renaissance being too sick or violent to attend, Family Court did not credit this account and this factual determination is entitled to great deference (*see, Matter of Emily PP.*, 274 AD2d 681, 683). In this connection, the record confirms that Renaissance's defiant behavior at home began before the alleged harassment at school, and respondent never told Renaissance's mental health provider of any such concern and did not communicate it to the school in writing until early 1999. She further conceded that she never filed a person in need of supervision petition to, *inter alia*,

compel Renaissance to attend school despite her caseworker's recommendation that she do so.

Moreover, although respondent testified that she withdrew Renaissance from school in April 1999 and then undertook home schooling because she felt that Renaissance's attendance at school threatened her health and safety, Family Court found that respondent did not provide an adequate alternative education. This determination is supported by the fact that, despite respondent's contention that her home schooling plan was approved by Renaissance's school, she provided no documentation or other credible evidence to show that Renaissance received the required schooling (*see, Matter of Fatima A.*, 276 AD2d 791, 792). Accordingly, we conclude that petitioner established by a preponderance of the evidence that respondent educationally neglected Renaissance.

We also find no merit in respondent's contention that there is an inconsistency between Family Court's finding that she failed to prove that she was providing an adequate alternative education for Renaissance and Family Court's subsequent issuance of an amended order of protection that omitted the provision requiring her to provide such an alternate education which had been contained in the original order. As the record does not disclose why this amendment was made, and there are many possible reasons for it, we cannot conclude that it reflects a different finding of fact by Family Court.

As to Ember, we find a sound and substantial basis in the record for Family Court's finding of neglect. The proof at the hearing established that Ember also missed school on at least 39 occasions and was tardy 38 days, and that her grades, though higher than Renaissance's, did suffer because of her absences (*see, Matter of Aishia O., supra*). This, together with the evidence of the circumstances surrounding Renaissance's absences, warrant both the direct and derivative findings of neglect. "Derivative findings of neglect should be entered where the evidence as to the child found to be neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in respondent's care" (*Matter of Daniella HH.*, 236 AD2d 715, 716 [citations omitted]; *see, Matter of Chad V.*, 265 AD2d 607, 608-609, *supra*). Given the undisputed evidence concerning Renaissance and Ember, we conclude that Family Court's findings are amply supported in the record.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.