■ In the Matter of WILLIAM AA., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELE AA., Appellant. [807 NYS2d 181]—

Kane, J. Appeal from an order of the Family Court of St. Lawrence County (Demarest, J.), entered November 10, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Petitioner filed a neglect petition against respondent for neglecting her son (born in 1989) by failing to provide him with adequate medical care, supervision and living conditions. Prior to any hearings, Family Court temporarily removed the child and placed him with his maternal grandfather. Following hearings, the court adjudicated the child to be neglected and placed him in the grandfather's care for 12 months. Respondent appeals.

Family Court correctly found that respondent neglected her son. To establish neglect, petitioner was required to show by a preponderance of the evidence that respondent failed to exercise a minimum degree of care in supplying her child with adequate shelter, education, medical care or supervision so as to impair the child's physical, mental or emotional condition or place these conditions in imminent danger of becoming impaired (see Family Ct Act § 1012 [f] [i] [A], [B]; Matter of Zachary MM., 276 AD2d 876, 877-878 [2000]).

Petitioner established a prima facie case of educational neglect by proving that respondent removed the child from public school and did not enroll him in another school; respondent then bore the burden of demonstrating that the child was receiving adequate instruction from some other source (see Matter of Aishia O., 284 AD2d 581, 583 [2001]; Matter of Chad V. [Matter of Sabrina V.], 265 AD2d 607, 608 [1999], lvs denied 94 NY2d 757, 758 [1999]; Matter of Shelley Renea K., 79 AD2d 1073, 1073-1074 [1981]). Respondent failed to meet that burden. The

school district's committee on special education classified the child as suffering from depression and oppositional defiant disorder (hereinafter ODD) and placed him in a small special-education class. Respondent removed him from public school to home school him because she disagreed with the district's special education placement. She left her special-needs child home alone while she worked from 9:30 A.M. until 4:30 or 5:30 P.M. During this time, he was supposed to complete his homework and lessons, despite his reading disability and his need for structure and guidance based on his ODD diagnosis. Respondent testified that she taught her son from 6:30 P.M. until 10:00 or 11:00 P.M., though she had no written records to verify this.

Despite alleging familiarity with home-schooling regulations, respondent did not maintain appropriate records, file required reports, perform a required annual assessment or comply with other mandatory requirements (*see* 8 NYCRR 100.10). Respondent would not reenroll her son in public school because she believed that he should be mainstreamed at grade level, even though testing showed that he was performing three to four years below grade level (*compare Matter of Baum*, 61 AD2d 123, 130 [1978], *lv denied* 44 NY2d 647 [1978] [stating that a parent cannot remove a child from school to compel school to change its educational program]). She also failed to obtain further educational testing in order to challenge the district's results, despite her continuing avowal to do so throughout these proceedings. While a parent who provides adequate home instruction cannot be found culpable for educational neglect (*cf. Commissioner of Social Servs. [Maria M.]*, 161 Misc 2d 600, 611 [1994]), respondent failed to prove that she provided the child with adequate educational instruction (*see Matter of Franz*, 55 AD2d 424, 427 [1977]; *Matter of Thomas H.*, 78 Misc 2d 412, 418-419 [1974]). Thus, the evidence established educational neglect by respondent.

Additionally, respondent's handling of the child's medical situation constituted neglect. The child's psychiatrist recommended that respondent follow up with the child's general practitioner to track side effects of prescribed medication, but respondent failed to do so (*cf. Matter of Hofbauer*, 47 NY2d 648, 655-656 [1979] [finding no neglect where parent provides treatment recommended by physician]). When the child had problems which respondent felt were related to the medication, she discontinued its use without consulting the psychiatrist or even informing her of this medical decision (*compare Matter of Miller v Orbaker*, 17 AD3d 1145, 1146 [2005], *lv denied* 5 NY3d 714 [2005] [transferring custody to nonparent where parent

indicated she would discontinue child's medication contrary to medical advice]). Although there was no expert proof that the child had an adverse reaction directly related to the discontinuation of this medication, physical injury is not required to establish neglect (*see Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]; *compare Matter of Sampson*, 37 AD2d 668 [1971], *affd* 29 NY2d 900 [1972]). Petitioner proved that respondent's actions and inaction placed the child's physical, emotional or mental health in imminent danger of impairment.

The evidence also established other forms of neglect. Respondent's home was extremely cluttered, to the point of being a fire hazard (*cf. Matter of Todd D.*, 9 AD3d 462, 463 [2004]). Respondent left the child alone all day, despite his emotional disabilities. Although the child participated in a church youth group and Boy Scouts, respondent did not acknowledge that he needed additional opportunities for socialization; all of the professionals with whom she dealt informed her that the child should be in a traditional school setting for both social reasons and to further his educational goals. She minimized her son's abuse by a former boyfriend and retained his personal property during his incarceration for sexually abusing her son. Respondent sometimes engaged in physical altercations with the child, and while he may have initiated the physical nature of these encounters, there was evidence that respondent precipitated his oppositional behavior. These confrontations and his social isolation resulted in repeated hospitalizations. Considering all these circumstances, the evidence amply supports Family Court's neglect determination (*see Matter of Scott M.*, 284 AD2d 589 [2001]).

Family Court's placement of the child with his grandfather was appropriate. Contrary to court orders, following the fact-finding hearing, respondent refused to sign releases for petitioner's caseworkers to review the child's records. She also refused to permit caseworkers to enter her home and assess its cleanliness, to regularly meet with them or to accept petitioner's homemaker services (*see Matter of Lillian R.*, 196 AD2d 503, 504 [1993]). The caseworkers recommended that respondent undergo a mental health evaluation, but she declined. Despite her avowal that she would arrange educational testing to contradict the school's results, and the court's urging that she do so as soon as possible, she did not make any such arrangements. Respondent did not demonstrate any insight into why the child was removed, instead blaming petitioner for the situation (*see Matter of Thomas JJ.*, 14 AD3d 953, 955 [2005]). Under the

grandfather's care, the child was performing well in school and his behavior improved to the point that his counselor was considering releasing him from treatment. Based on these facts, placement with the grandfather was in the child's best interest (*see Matter of Heather WW.,* 300 AD2d 940, 942 [2002]).

We reject respondent's argument that she was denied the effective assistance of counsel. Although counsel called respondent as his only witness at the fact-finding hearing and did not present any other evidence at either hearing, respondent failed to show that any other witness would provide helpful testimony or that this was not a strategic decision (*see Matter of Thompson v Gibeault,* 305 AD2d 873, 875 [2003]). Since we find respondent's remaining arguments unpersuasive, she failed to show that counsel's representation was less than meaningful (*see Matter of John I.,* 6 AD3d 991, 992 [2004], *lv denied* 3 NY3d 602 [2004]).

Crew III, J.P., Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.