■ In the Matter of BENJAMIN K. and Another, Children Alleged to be Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUELLEN L., Appellant. [812 NYS2d 706]—

Peters, J. Appeal from an order of the Family Court of Tioga County (Argetsinger, J.), entered August 13, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

In November 2002, petitioner filed a neglect petition alleging respondent's educational neglect of her daughter (born in 1988) which was withdrawn, without prejudice, after respondent agreed to file a person in need of supervision (hereinafter PINS) petition against her daughter. In May 2003, petitioner filed another petition, alleging educational neglect with regard to the daughter and inadequate supervision with regard to both the daughter and respondent's son (born in 1991). Following a fact-finding hearing, Family Court found, by a preponderance of the evidence, that respondent neglected her children. Both the son and the daughter were temporarily placed outside of respondent's home. Respondent appeals.

We note, preliminarily, that with the first petition withdrawn without prejudice there was no bar to the commencement of this proceeding. While the second petition was based upon new allegations which arose thereafter, there was no error in Family Court's consideration of facts which were originally alleged. Moreover, although disposition in this proceeding has already expired by its own terms, this appeal is not moot since a finding of neglect could be used against respondent in the future (*see Matter of Karissa NN.*, 19 AD3d 766, 766 n [2005]; *Matter of Paul U.*, 12 AD3d 969, 970 n [2004]).

Addressing the finding of neglect, Family Ct Act § 1012 (f) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate . . . education . . . [or] proper supervision" (Family Ct Act § 1012 [f] [i] [A], [B]). To establish an affirmative finding of educational neglect, it must be demonstrated that there is a "significant, unexcused absentee rate that has a detrimental effect on the child's education" (*Matter of Ember R.*, 285 AD2d 757, 758 [2001], *lv denied* 97 NY2d 604 [2001]; *see Matter of Jennifer N.*, 173 AD2d 971, 972 [1991]).

And, when the number of absences are "extreme and continues for an extended time without parental action" (*Commissioner of Social Servs. [Maria M.]*, 161 Misc 2d 600, 611 [1994]), an inference of impairment may be drawn.

Here, the daughter was absent 30 days and tardy 89 days during the 2002-2003 school year. Respondent failed to take any action to remedy this problem and failed to return 38 of the 40 phone calls from the school's attendance officer. Respondent also refused numerous offers of help and, while there was some testimony that the daughter had made progress since her PINS adjudication in May 2003, her attendance continued to be poor. This evidence, compounded by the daughter's failing grades, supports Family Court's determination of educational neglect concerning this child.

The finding of inadequate supervision was also amply supported. There was testimony concerning the circumstances which led to the son's juvenile delinquency adjudication in July 2003 and respondent's minimal supervision of him when he was 9 and 10 years old. His behavior, during those unsupervised times, resulted in him being banned from a community pool for two summers. Respondent also exhibited hostile behavior towards the school when it contacted her regarding her son's behavior. This resistence, coupled with her failure to respond both to the phone calls and requests for medical and psychological exams, resulted in his placement in a special education program. Testimony also revealed that the children were left unsupervised at home while respondent frequented a bar and that they were seen roaming the streets after the village curfew. Hence, where, as here, there is a substantial basis in the record to support Family Court's determination that both children were in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care in providing them with adequate supervision (*see Matter of Senator NN.*, 11 AD3d 771, 772 [2004]), the finding of neglect will remain undisturbed.

We next address respondent's challenge to County Law § 722 only insofar as it implicates her right to the effective assistance of counsel. "[C]areful to distinguish between true ineffectiveness and losing tactics or unsuccessful efforts in advancing appropriate defenses" (*People v Stultz*, 2 NY3d 277, 283 [2004]), our review of the evidence, the law and the circumstances of this case, in their totality at the time of representation, reveals no constitutional infraction (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see also Matter of Amanda M.*, 28 AD3d 813 [2006]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.