■ In the Matter of SHAWNDALAYA II., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CLINTON COUNTY, Respondent; JAMELLA II., Appellant. [818 NYS2d 330]—

Spain, J. County (Lawliss, J.), entered February 2, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent neglected her child (born in 1992). In December 2004, Family Court issued a temporary order which, among other things, placed the child in the custody of her maternal grandfather pending further proceedings. Following a fact-finding hearing, Family Court made various findings, including that the child missed 13 out of a possible 17 school days between the date the child was registered in the local school district and the date the petition was filed, respondent suffered from mental illness and respondent had exposed her child to violent and dangerous conduct. The court concluded that the child was neglected and, in a dispositional order, on consent, placed the child with the grandfather for a period of one year with supervised access to the mother. Respondent appeals.*

In order to establish an affirmative finding of educational neglect, as Family Court did here, "it must be demonstrated that there is a 'significant, unexcused absentee rate that has a detrimental effect on the child's education' " (*Matter of Benjamin K.*, 28 AD3d 810, 811 [2006], quoting *Matter of Ember R.*, 285 AD2d 757, 758 [2001], *lv denied* 97 NY2d 604 [2001]). The alarming rate at which the child was absent as well as respondent's unfounded disdain for the school system clearly supports, by a preponderance of the evidence, Family Court's finding of educational neglect against respondent (*see Matter of Benjamin K., supra* at 812; *Matter of Ember R., supra* at 759).

Next, addressing the finding of inadequate supervision, the record indicates that respondent suffers from some form of mental illness for which she is prescribed—but had refused to take—medication. Apparently as a result of this condition, prior to the child's placement with the grandfather, respondent intentionally shattered her apartment window and smashed her TV set with the child close by. Testimony from a Child Protective Services caseworker and a police officer who interviewed respondent on the day of these events established that she was often nonresponsive or incoherent and refused to voluntarily seek any treatment. Moreover, at the time of the commencement of this proceeding, respondent had been hospitalized in the mental health unit of the local hospital. This uncontroverted evidence amply supports Family Court's finding of neglect (*see Matter of Caleb C.*, 11 AD3d 737, 738 [2004]; *Matter of Senator NN.*, 11 AD3d 771, 772-773 [2004]).

Respondent's contention that Family Court should have ap-

---

* Previously, this Court rejected an *Anders* brief and withheld decision pending assignment of new appellate counsel (25 AD3d 938 [2006]).

pointed a guardian ad litem is not supported in the record. The evidence adduced at the fact-finding hearing relating to respondent's mental health, while sufficient to demonstrate her unusual conduct and inadequate supervision, did not establish that she was incapable of understanding the proceedings, defending her rights, or assisting her counsel (*see Matter of Justice T.*, 19 AD3d 1079, 1080 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Philip R.*, 293 AD2d 547, 548 [2002]). Moreover, at no time during these proceedings did respondent or her attorney request that she be appointed a guardian ad litem.

Lastly, Family Court's failure to abide by the necessary procedural requirements at respondent's initial appearance does not require reversal. Family Ct Act § 1033-b (1) (b) requires the court, at an initial appearance based on a petition filed pursuant to Family Ct Act article 10, to, among other things, advise respondent of the allegations in the petition. It is clear the court failed to abide by the mandated provisions of the statute.

An initial appearance was originally scheduled for November 16, 2004, but was rescheduled as petitioner was unable to effectuate proper service. On November 22, 2004, a second hearing was held after personal service had been effectuated, but respondent failed to appear. At this hearing, Family Court appointed counsel to represent respondent and, with the consent of counsel, scheduled the next court date. Respondent finally appeared with counsel on December 2, 2004, at which time she consented to the temporary order placing the child with the grandfather, but was never advised by the court of the allegations in the petition. There is no indication, however, that respondent—aided by counsel—was not already fully aware of the contents of the petition at this time, as evinced by her willingness to agree to the temporary order. Accordingly, despite the court's failure to comply with the procedural mandates in Family Ct Act § 1033-b (1) (b), this error, under the circumstances of this case, does not require reversal (*see Matter of Stephanie A.*, 224 AD2d 1027, 1028 [1996], *lv denied* 88 NY2d 814 [1996]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.