In the Matter of ASHLEY X., a Child Alleged to be Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHERINE X., Appellant. [854 NYS2d 794]—

Kane, J. Appeal from an order of the Supreme Court (Stein, J.), entered December 15, 2006 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the mother of Ashley X. (born in 1998) and another child. While respondent had custody, the children missed numerous days of school. In 2006, petitioner commenced this proceeding alleging, among other things, educational neglect of Ashley. That same month, Supreme Court placed the children in the temporary custody of their father. At the hearing on this matter, petitioner limited its proof to educational neglect of Ashley for the 2005-2006 school year.* The court found that respondent neglected Ashley and placed respondent under petitioner's supervision for one year. Respondent appeals.

Supreme Court's finding of educational neglect is not against the weight of the evidence. To establish educational neglect, petitioner was required to prove by a preponderance of the evidence that Ashley's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to respondent's failure to provide Ashley with an adequate education (Family Ct Act § 1012 [f] [i] [A]; see Family Ct Act § 1046 [b] [i]). Neglect may be premised upon proof that a child has a significant rate of unexcused absences from school which detrimentally affects the child's education, and that the requisite education was not provided from a source other than the public school (see Matter of Shawndalaya II., 31 AD3d 823, 824 [2006], lv denied 7 NY3d 714 [2006]; Matter of Amanda M., 28 AD3d 813, 814 [2006]; Matter of Benjamin K., 28 AD3d 810, 811-812 [2006]).

School attendance records and testimony from school personnel established that Ashley had 28 absences—25 of which were unexcused—out of the 82 school days between the beginning of the school year in September 2005 and the filing of the petition in January 2006. Respondent testified that Ashley only remained home due to illness and they completed educational activities on those days. Nevertheless, because respondent did not have an approved home school program, she was not providing Ashley the requisite education from a source other than the public school (compare Matter of William AA., 24 AD3d 1125, 1125-1126 [2005], lv denied 6 NY3d 711 [2006]). Regarding

---

* The record does not disclose any disposition for the petition alleging respondent's neglect of her other child. Although petitioner stated at the hearing that it sought a determination of derivative neglect, no such finding is included in Supreme Court's order of fact finding and disposition.

respondent's contention that the absences were all due to illness, she never took Ashley to the doctor during that time period, school personnel were not aware of any medical condition that would result in an inordinate amount of absences and respondent failed to provide notes to the school on all but three occasions. Respondent also asserts that Ashley's education was not negatively affected by the absences. Testimony of her second-grade teacher and report card comments present a contrary picture, indicating that Ashley was behind in several subjects and her learning could improve through regular attendance. Considering this evidence, and deferring to Supreme Court's finding that respondent's credibility was highly suspect, the finding of neglect had a sound and substantial basis in the record (*see Matter of Amanda M.*, 28 AD3d at 814-815).

Supreme Court did not abuse its discretion in permitting the Law Guardian to present testimony from Ashley's first-grade teacher and her report cards from that year. While the petition only addressed second grade, respondent opened the door to evidence concerning the detrimental effect of absences when she testified that she engaged in educational activities at home and did not believe that Ashley suffered any adverse affects due to her poor attendance (*see Matter of Storch v Storch*, 282 AD2d 845, 848 [2001], *lv denied* 96 NY2d 718 [2001]). The court prohibited proof concerning the number of absences in prior years, only permitting testimony and report card comments concerning the child's inability to succeed due to her inordinate absences. This evidence was relevant to show notice to respondent that her child's attendance was likely to affect her performance.

In general, postpetition evidence should not be considered during a fact-finding hearing (*see Matter of Jessica YY.*, 258 AD2d 743, 747 [1999]). Here, the testimony of a day-care licensing representative was elicited for impeachment purposes, not to prove any factual matters. Respondent was aware, more than a week in advance of its admission into evidence, that this proof may be considered, discounting any surprise or prejudice (*see Matter of Jewle I.*, 44 AD3d 1105, 1107 [2007]). Accordingly, Supreme Court did not abuse its discretion by considering this evidence.

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.