■ In the Matter of REGINA HH., a Child Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondent; LENORE HH., Appellant. [912 NYS2d 724]—

McCarthy, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 24, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Petitioner commenced this proceeding alleging that respondent neglected her daughter (born in 1995) by, among other things, failing to ensure that she attended school on a regular basis. Following a hearing, Family Court found that respondent had neglected the child and placed her in petitioner's custody. Respondent appeals.

Petitioner proved that the child was neglected due to respondent's failure to exercise a minimum degree of care in providing appropriate supervision and guardianship. To establish educational neglect, petitioner offered proof of a "significant, unexcused absentee rate that has a detrimental effect on the child's education" (*Matter of Ember R.*, 285 AD2d 757, 758 [2001], *lv denied* 97 NY2d 604 [2001]). Where the number of absences is extreme and the absenteeism continues for an extended time without appropriate action by the parent, the court may draw an inference of impairment (*see Matter of Benjamin K.*, 28 AD3d 810, 812 [2006]). From the beginning of the school year until the child was temporarily removed from respondent's home, the school was open 88 days. According to school attendance records, during that time period the child had five unexcused late arrivals and 50 absences, only 10 of which were excused. Respondent offered some proof that the absences were related to the child's medical condition and her medication, which made it difficult for the child to wake up in the morning or to attend school. No written excuses were submitted to the school to support these 40 alleged medically-excused absences. Other proof showed that the child's anxiety attacks, which were part of the medical reason she could not attend school some days, were only witnessed by respondent and were not independently verified. The child had also reported to some witnesses that she stayed home to take care of her mother or because she did not want to leave her mother.

As for the impact of the child's absences from school, one wit-

ness testified that the child was failing all of her classes. Respondent testified that she had spoken with school officials, who informed her that the child would need to attend every school day for the rest of the year, as well as attend summer school, in order to be promoted to the next grade. A case manager testified that she encouraged the child to attend school and arranged for respondent to call whenever the child refused to get up, but respondent did not cooperate with these offers for assistance. In her testimony, respondent minimized the problem and effects of the child's absences from school. Giving deference to Family Court's credibility determinations and factual findings, which have a sound and substantial basis in the record (see *Matter of Justin J.*, 25 AD3d 1031, 1033 [2006]; *Matter of Krista L.*, 20 AD3d 783, 784 [2005]), petitioner established educational neglect (see *Matter of Ember R.*, 285 AD2d at 758-759).

The evidence also showed other types of neglect. Due to respondent's mental health condition, she was paranoid, mistrustful and refused to accept help. She rarely allowed the child to socialize and did not follow through on a caseworker's referral to engage the child in a program that would provide peer interaction. Several witnesses testified regarding the unusual enmeshment between respondent and the child, creating separation issues between respondent and her teenage child to the point where each of them was viewed as needing therapy to deal with being apart. Respondent did not have cooking gas in the apartment for more than a month. At one point, the light bulbs in almost every room of the apartment were out. The apartment did not have hot water for a month and the child was unable to take a shower during that time period. Considering all of the evidence, petitioner proved that the child was neglected and that respondent was responsible for that neglect.

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.