■ In the Matter of SANTINO B. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISETTE C., Appellant. (Proceeding No. 1.) In the Matter of SANTINO B. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN B., Appellant. (Proceeding No. 2.) [941 NYS2d 743]—

McCarthy, J. Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered July 23, 2010, which, in two proceedings pursuant to Family Ct Act article 10, granted petitioner's motion to vacate a prior order of preclusion, and (2) from three orders of said court, entered October 12, 2010 and December 20, 2010, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Respondents are the parents of Santino B. (born in 1996) and Giavanni B. (born in 1998). Petitioner commenced this proceeding alleging educational neglect due to the children's excessive absences from school between September 2009 and April 2010. Family Court found that both respondents were responsible for educational neglect and placed them under petitioner's supervision for one year. Respondents appeal from the fact-finding and dispositional orders, and respondent Lisette C. also appeals from a July 2010 order vacating a prior preclusion order.

Lisette C.'s appeal from the July 2010 order was untimely, as she did not file a notice of appeal until November 2010 (*see* Family Ct Act § 1113). In any event, arguments related to that earlier order may be raised on the appeals from the dispositional orders (*see* CPLR 5501 [a] [1]).

Giving deference to Family Court's credibility determinations, the evidence supports findings of educational neglect by respondents against both children (*see Matter of Regina HH. [Lenore HH.]*, 79 AD3d 1205, 1206 [2010]). To establish educational neglect, petitioner was required to prove by a preponderance of the evidence that the children's "physical, mental or emotional condition has been impaired or [was] in imminent danger of becoming impaired" due to respondents' failure to provide them with an adequate education (Family Ct Act § 1012 [f] [i] [A]; *see Matter of Ashley X.*, 50 AD3d 1194, 1195 [2008]). Such neglect may be established by proof of a "significant rate of unexcused absences from school which detrimentally affects the child[ren]'s education" (*Matter of Ashley X.*, 50 AD3d at 1195; *accord Matter of Jalesa P. [Georgia P.]*, 75 AD3d 730, 732 [2010]; *see Matter of Benjamin K.*, 28 AD3d 810, 811 [2006]). Courts may draw an inference of impairment to a child's education where the child misses an extreme amount of schooling over an extended period of time and the parents fail to take appropriate action (*see Matter of Regina HH. [Lenore HH.]*, 79 AD3d at 1205; *Matter of Benjamin K.*, 28 AD3d at 812).

Here, Giavanni's school records show that between September

2009 and April 2010, he was absent 37 times, including 15 unexcused absences, 20 excused absences and one unlabeled absence. During that same period, he was tardy 72 times, only one of which was excused. His teacher testified that Giavanni was not in attendance most of the time. She attributed his low grades, which were mostly Fs, to his lack of attendance. Respondents refused to permit the school's committee on special education to test Giavanni for learning disabilities so that he could receive appropriate services, despite indications that he could benefit from such services. The teacher testified that she repeatedly attempted to address Giavanni's problems with respondents, but they generally failed to respond at all and they cancelled the few appointments that were arranged (see *Matter of Benjamin K.*, 28 AD3d at 812).

A guidance counselor testified that Santino was absent more than 30 days and late more than 30 additional days.* During 10 other days that he was suspended due to misbehavior, respondents did not contact the school to pick up his course work or arrange for a tutor, despite the school having offered those options. Santino was repeating seventh grade because he failed at least four subjects the previous year and respondents did not enroll him in summer school. In his second year in that grade, he failed six subjects and was required to attend summer school to be promoted. Respondents also refused to have Santino tested by the committee on special education.

Although the children's grandfather passed away during the school year, the bereavement period only accounted for a few absences. Respondents took the children to a psychologist, but they did not make this professional aware of the children's rate of absenteeism, which prevented him from properly addressing that problem. Both children were promoted to the next grade while the petition was pending, but Giavanni exerted more effort at the end of the school year, following Family Court's temporary order of protection that required respondents to ensure his attendance and to permit him to be tested. Santino was only promoted because he attended summer school—where he apparently did well—but such attendance was also mandated by court order. The record lacks evidence that respondents made any voluntary efforts to address their children's absenteeism and the related effects on their education. Thus, petitioner

---

* Although the parties dispute whether Family Court properly admitted Santino's educational records, we need not address that issue. As the court stated that it would have reached the same result even without considering the school records, we can review its decision based on all of the evidence except Santino's school records.

proved by a preponderance of the evidence that respondents were responsible for the educational neglect of both children (*see Matter of Regina HH. [Lenore HH.]*, 79 AD3d at 1205-1206).

Mercure, A.P.J., Lahtinen, Spain and Stein, JJ., concur. Ordered that the appeal from the order entered July 23, 2010 is dismissed, without costs. Ordered that the orders entered October 12, 2010 and December 20, 2010 are affirmed, without costs.