Lahtinen, J.
Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered November 10, 2011, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Lisa GG. (hereinafter the mother) is the mother of four children (born in 1998, 2000, 2002 and 2005). Her current spouse, respondent Marcus C., is not the father of any of the children, and physical custody of the two oldest children had previously been placed with their father. All four children were at the mother’s residence in February 2011 when the mother and Marcus C. engaged in a violent domestic incident. Petitioner commenced this proceeding alleging, among other things, neglect by the mother and Marcus C. as to all four children resulting from the domestic incident and events thereafter, as well as neglect by the mother as to the child born in 2002 for failing to ensure his attendance at school. That child (whose father resided in Texas) was temporarily placed in petitioner’s custody, the youngest child was temporarily placed with his father and the oldest two children returned to their father. Marcus C. consented to a finding of neglect and, following a hearing, Family Court found that the mother had neglected the *1274 children. The mother agreed to a disposition that included various conditions and a permanency goal of reunification regarding the child born in 2002. The mother appeals.
The neglect finding as to all of the children is sufficiently supported by the proof in the record. This was not, as contended by the mother, a case where the sole allegation was that she had been the victim of domestic abuse witnessed by the children (see generally Nicholson v Scoppetta, 3 NY3d 357, 368, 371 [2004]). Although Marcus C. apparently instigated the incident and acted violently toward the mother, there was also evidence that the mother, among other things, was observed wielding a baseball bat and chasing Marcus C., who claimed she struck him with the bat. More significantly, there was further proof that following the incident, the mother minimized Marcus C.’s conduct and attempted to have charges against him dropped, placed partial blame for the incident on the children, permitted Marcus C. in her residence and around at least one of the children after the incident in violation of a court order, and instructed the child to keep Marcus C.’s presence a secret. While contrary proof was presented on some points, we accord deference to Family Court’s credibility determinations (see Matter of Alexander G. [Tatiana G.], 93 AD3d 904, 905 [2012]). The record amply supports Family Court’s findings that there was a preponderance of evidence establishing an imminent danger to the children’s well-being and that the mother failed to exercise a minimum degree of care (see Matter of Dezerea G. [Lisa G.], 97 AD3d 933, 934-935 [2012]; Matter of Shalyse WW., 63 AD3d 1193, 1196 [2009], lv denied 13 NY3d 704 [2009]; Matter of Xavier II., 58 AD3d 898, 899-900 [2009]).
There was also adequate proof regarding the mother’s educational neglect of the child born in 2002. The child had extensive absences from school as well as being repeatedly tardy, there was evidence that the mother did not cooperate with school personnel trying to address the absences, her explanations for the absences lacked credibility and the absences adversely affected the child’s academic progress, as well as his special needs (see Matter of Santino B. [Lisette C.], 93 AD3d 1086, 1087 [2012]; Matter of Ashley X., 50 AD3d 1194, 1195 [2008]; Matter of Shawndalaya II., 31 AD3d 823, 824 [2006], lv denied 7 NY3d 714 [2006]).
Mercure, J.E, McCarthy and Garry, JJ., concur.
Ordered that the order is affirmed, without costs.