*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                519294

_____

In the Matter of ROBERT P. and
    Others, Neglected Children.

OTSEGO COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                        MEMORANDUM AND ORDER
                    Respondent;

SHERRI P.,

                    Appellant,
                    et al.,
                    Respondent.

_____

Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Jehed Diamond, Delhi, for appellant.

        Steven Ratner, Otsego County Department of Social Services,
Cooperstown, for respondent.

        Rosemarie Richards, Gilbertsville, attorney for the
children.

_____

Lahtinen, J.

        Appeal from an order of the Family Court of Otsego County
(Burns, J.), entered May 7, 2014, which, in a proceeding pursuant
to Family Ct Act article 10, denied respondent Sherri P.'s motion
to dismiss the petition.

        Petitioner commenced a Family Ct Act article 10 proceeding
alleging, as is relevant herein, that respondent Sherri P.

(hereinafter respondent) neglected her four children (born in 1996, 2000, 2007 and 2013) based upon her misuse of prescription drugs. On December 9, 2013, respondent stipulated to a finding of neglect and consented to a dispositional order requiring her to, among other things, cooperate with and accept services referred by petitioner, specifically participation in a substance abuse disorder treatment, and to stay in contact with the children. In March 2014, petitioner filed a violation petition alleging that respondent willfully violated the December 9, 2013 order by failing to complete a substance abuse evaluation or participate in visitation with the children. Respondent moved to dismiss the petition, asserting that no violation could have occurred because no written order had been entered with respect to the December 9, 2013 neglect proceeding. Family Court denied the motion and this appeal ensued.

We affirm. Although no written order memorializing the conditions imposed on respondent was entered until after the violation petition was filed, the transcript of the December 9, 2013 neglect proceeding reflects that respondent appeared with counsel and stipulated to the imposition of those conditions in open court. As such, those conditions are binding on respondent regardless of whether they are reduced to a written order and entered (see Matter of Dashaun G. [Diana B.], 117 AD3d 1526, 1527 [2014], lv dismissed 24 NY3d 951 [2014]; Matter of W. Children, 226 AD2d 385, 386-387 [1996], lv denied 88 NY2d 811 [1996]; Matter of Kim Shantae M., 221 AD2d 199, 199 [1995]). Accordingly, under the circumstances here, respondent's motion to dismiss was properly denied.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court