Matter of Hayley QQ. (Heather RR.) (2019 NY Slip Op 07459)





Matter of Hayley QQ. (Heather RR.)


2019 NY Slip Op 07459


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527071

[*1]In the Matter of Hayley QQ., a Neglected Child. Tioga County Department of Social Services, Respondent; Heather RR., Appellant.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Lisa K. Miller, McGraw, for appellant.
Tioga County Department of Social Services, Owego (Christian J. Root of counsel), for respondent.
Irene Graven, Owego, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered June 26, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to find respondent in violation of an order of protection and to revoke said order.
Respondent is the mother of a child born in 2004. Following the filing of a neglect petition against respondent alleging that she failed to ensure that the child regularly attended school, respondent appeared with counsel on September 13, 2017 and consented to a finding of neglect. At that time, respondent stipulated to being placed under petitioner's supervision for a period of 12 months subject to certain terms and conditions requiring her to, among other things, complete a mental health and substance abuse evaluation within two weeks, arrange for the child to receive a mental health evaluation within two weeks and ensure that the child attends school on a daily basis.[FN1] On October 26, 2017, petitioner filed a violation petition contending that respondent willfully violated Family Court's dispositional order by failing to obtain the required mental health evaluation for either herself or the child and failing to ensure that the child regularly attended school.[FN2] Following a June 2018 fact-finding hearing, Family Court determined that respondent willfully violated the September 2017 dispositional order by failing to, among other things, ensure the child's daily attendance at school and that, given the detrimental effect of the child's chronic absenteeism on her ability "to form positive social peer relationships" and the "hinder[ance] [to] her potential success in school," it was in the child's best interests to modify the previously entered dispositional order and temporarily place her in petitioner's custody. Respondent appeals.
Initially, the fact that Family Court's dispositional order was not entered until November 2017 — one month after the subject violation petition was filed — does not require dismissal of the subject violation petition, as the record reflects that respondent appeared with counsel and stipulated to the imposition of the conditions in open court. Accordingly, the terms and conditions of the parties' stipulation are binding and enforceable regardless of the fact that Family Court's dispositional order was not entered until after the filing of the violation petition (see CPLR 2104; Matter of Robert P. [Sherri P.], 132 AD3d 1032, 1033 [2015]; Matter of Dashaun G. [Diana B.], 117 AD3d 1526, 1527 [2014], lv dismissed 24 NY3d 951 [2014]; Matter of W. Children, 226 AD2d 385, 386 [1996], lv denied 88 NY2d 811 [1996]). Additionally, respondent's contention that Family Court erred when it conducted a fact-finding hearing on the violation petition pursuant to Family Ct Act § 1072, as opposed to a removal hearing pursuant to Family Ct Act § 1027, is not preserved for our review as respondent did not object on this ground before Family Court and did not otherwise request an adjournment in order to conduct a further hearing or produce additional witnesses, despite being provided the opportunity to do so (see Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184 [2011]).
Turning to the merits, there is ample evidence in the record to support Family Court's determination that respondent willfully and without justification violated the terms and conditions of her supervision. The evidence at the June 2018 fact-finding hearing established that between September 13, 2017, when Family Court issued its order of supervision, and October 26, 2017, when the subject violation petition was filed, the child was either absent from or late for school a total of 18 out of 30 days. Respondent offered no valid excuses for the child's absences and/or tardiness during this time period, nor did she provide any explanation why she did not contact the school to inform it of same. Respondent also failed to arrange for, let alone complete, the mental health and substance abuse evaluation that was required within two weeks of Family Court's September 2017 order. She likewise failed to arrange for a mental health evaluation of the child.[FN3] Moreover, contrary to respondent's assertion, Family Court did not improperly consider respondent's postpetition drug screening results in rendering its determination that she willfully violated the terms and conditions of her supervision. Rather, these results were admitted solely for the purpose of determining whether respondent's home was an appropriate place for the child to be placed — a wholly appropriate consideration when rendering a dispositional order (see generally Family Ct Act § 1046; Matter of Darlene T., 28 NY2d 391, 396 [1971], Matter of Elijah NN., 66 AD3d 1157, 1159 [2009], lv denied 13 NY3d 715 [2010]).
With respect to available dispositional alternatives, it is well settled that, when a parent has been found to have willfully and without just cause violated the terms and conditions of supervision, Family Court may "revoke the order of supervision . . . and enter any order that might have been made at the time the order of supervision . . . was made, or . . . commit [respondent] to jail for a term not to exceed six months" (Family Ct Act § 1072; see Family Ct Act §§ 1052 [a] [iii]; 1055 [a] [i]; Matter of Isaiah M. [Nicole M.], 144 AD3d 1450, 1452 [2016], lv dismissed 28 NY3d 1129 [2017]; Matter of Gloria DD. [Brenda DD.], 99 AD3d 1044, 1045 [2012]). Importantly, "[t]he dispositional order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Alaina E., 33 AD3d 1084, 1087 [2006]).
The evidence at the hearing established that the child's attendance at school has been an issue since she enrolled in August 2016. Heather Kotula, the child's guidance counselor, testified that, during the child's seventh grade year, she was absent and/or tardy a total of 85 times. During the child's eighth grade year, she was absent or tardy a total of 88 times. Kotula met with the child on various occasions to discuss her poor attendance and was assured that she liked the school, was making friends and was not being bullied. In addition, the child's teachers indicated that the child "was well-behaved, a hard-working student [and] participates in class," but is somewhat quiet. Moreover, despite her excessive absences, the child performed well academically, earning an 82.5% grade point average her seventh-grade year and a 92.28% grade point average her eighth-grade year. Notwithstanding her academic achievement, however, Kotula indicated that the child's rate of absenteeism adversely impacted her ability to qualify and participate in certain advanced or accelerated programs offered by the school. Further, unlike middle school, her upcoming high school program has an attendance policy whereby any student who fails to attend at least 75% of his or her class time during the academic year risks not earning sufficient credit to move on to the next grade level, regardless of the student's overall academic performance. Kotula also expressed concern that the child's high rate of absenteeism was negatively impacting not only her ability to make bonding friendships with other students, but had the potential to harm her "social and emotional growth as a young adolescen[t]."
Petitioner, meanwhile, made numerous efforts to encourage the child to attend school and address the causes of the child's absenteeism. Since April 2017, Leann Kies, a preventive caseworker for petitioner, worked with respondent and the child, meeting with them at least twice monthly. Kies arranged for the school guidance counselor to call her each time that the child did not timely report to school and repeatedly encouraged both respondent and the child to engage in mental health treatment.[FN4] Respondent, however, rebuffed mental health treatment and otherwise failed to provide any insight into why the child was not able to timely and regularly attend school. She failed to take the child to the doctor during the subject time period, despite her claims that the child was often not well enough to attend, and there is no evidence in the record that the child was suffering from any underlying medical condition that would impair her ability to attend school. Nor did respondent provide any other reasonable justification for the child's repeated absences.[FN5] Although Kies found that respondent's housing was adequate and well-kept and that the child was otherwise well provided for, other than generally claiming that the start of the new school year would provide "a fresh start" for the child, respondent failed to articulate any plan for how she intended to address the child's chronic absenteeism and provided no justification for her failure to abide by the terms and conditions of supervision set forth in Family Court's dispositional order.[FN6] Accordingly, given the unrebutted evidence of the child's excessive unexcused absences from school, respondent's failure to take ameliorative action to address same, the potential adverse effects such conduct posed to the child's academic progress and emotional development and giving the requisite deference to Family Court's fact-finding and credibility determinations, we find no reason to disturb Family Court's temporary removal of the child from respondent's home pending respondent's completion of the necessary services (see Matter of Santino B. [Lisette C.], 93 AD3d 1086, 1088-1089 [2012]; Matter of Shawndalaya II., 31 AD3d 823, 824 [2006], lv denied 7 NY3d 714 [2006]; compare Matter of Regina HH. [Lenore HH.], 79 AD3d 1205, 1205-1206 [2010]).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Family Court's written dispositional order was not entered until November 2017.

Footnote 2: Following an initial appearance in December 2017, the matter was adjourned two additional times, with Family Court emphasizing the importance of respondent's compliance with the terms and conditions of her supervision.

Footnote 3: In fact, despite having an additional eight months between the filing of the October 2017 violation petition and the June 2018 fact-finding hearing, respondent and the child only appeared for the required evaluations at 2:00 p.m. on the afternoon prior to the scheduled fact-finding hearing.

Footnote 4: Kies indicated that she would drive to respondent's home one to three times per week in response to these calls in order to encourage the child to attend school, including offering the child transportation, if needed.

Footnote 5: Family Court appropriately rejected respondent's claim of not having reliable transportation, as she admitted that there was nothing preventing the child from taking the bus to and from school each day.

Footnote 6: During this time period, respondent also admittedly failed to inform petitioner that she was receiving treatment to overcome an addiction to pain medication following a prior back injury. Despite the passage of nearly five years since such treatment commenced, respondent was still being prescribed suboxone. She also failed a drug test administered by petitioner that indicated that she had other illicit substances in her system.