■ In the Matter of CHRISTOPHER UU., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KIMBERLY UU., Respondent. [807 NYS2d 186]—

Mercure, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered May 20, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Pine Plains Central School District developed an individualized education plan (hereinafter IEP) for respondent's son, born in 1990, during the 2002-2003 school year that called for residential placement. Respondent agreed to placement at the Children's Home of Kingston (hereinafter Home) and to the Home's conditions of placement. Nevertheless, approximately three weeks later, respondent paid an unannounced visit to the child, in violation of the Home's policies. Although respondent was warned that any further policy violations would result in the child's discharge from the Home, she removed him in August 2003 without permission and refused to return him because she had concerns about lack of supervision and whether he was being properly nourished. At a meeting to discuss respondent's concerns, she evidently became angry and abruptly left. Shortly thereafter, the Home discharged the child and the district notified petitioner of the child's removal from his residential placement.

A caseworker with petitioner thereafter spoke to respondent about the need to contact the district to arrange for the child's schooling. Respondent informed him, however, that she had contacted the district but was told that the child's schooling was now petitioner's responsibility. The caseworker responded that the child's education was the responsibility of the parents. Respondent's further attempts to obtain home schooling were unsuccessful in light of the child's IEP calling for residential placement.

In October 2003, the child told the caseworker that he was willing to return to his residential placement. Although the district initially insisted that petitioner take the child into custody, petitioner declined to do so because it determined that the child was safe residing with respondent and required no services other than those related to his educational needs. The district then arranged for the child's reenrollment at the Home in October 2003, subject to an order of protection directing respondent to stay away from the Home and petitioner's agreement to monitor the case. Petitioner filed a neglect petition in

Family Court alleging, as relevant here, that respondent failed to provide for the child's educational needs. Following a fact-finding hearing, Family Court dismissed the petition, concluding that respondent's conduct did not rise to the level of neglect. Petitioner appeals and we now affirm.

Petitioner and the Law Guardian assert that respondent's actions, resulting in the Home's discharge of the child, and her failure to arrange for an adequate alternative education for her son constituted a failure to exercise a minimum degree of care in providing the child with an adequate education and placed the child's physical, mental and emotional condition in imminent danger of impairment (*see* Family Ct Act § 1012 [f] [i] [A]). As we have noted, "Family Court Act § 1012 (f) provides a specific definition of parental neglect as related to furnishing a child with an adequate education and requires only that a parent comply with the legal mandate of the Education Law that the child attend an educational institution within the school district or receive substantially equivalent instruction elsewhere" (*Matter of Jeremy VV.*, 202 AD2d 738, 740 [1994]). Section 1012 (f) contemplates a showing of parental misconduct, harm or potential harm to the child and " 'a causal connection between the conduct of the parent and the alleged harm to the child' " (*Matter of Jennifer N.*, 173 AD2d 971, 972 [1991] [citation omitted]). While a significant, unexplained absence that has a detrimental effect on a child's education may support a finding of neglect (*see Matter of Ember R. [Matter of Renaissance S.]*, 285 AD2d 757, 758 [2001], *lvs denied* 97 NY2d 604 [2001]; *Matter of Aishia O.*, 284 AD2d 581, 583-584 [2001]), here, "[a] preponderance of the evidence shows that respondent was actively engaged with school authorities in the process of securing an appropriate and specific special education placement for the child, and there is no evidence that the child's education was adversely affected by his absence from school" or that he was placed at imminent risk of harm (*Matter of Giancarlo P.*, 306 AD2d 28, 28-29 [2003]; *cf. Matter of Nicole A.*, 305 AD2d 1039, 1040 [2003]; *Matter of Donald P. [Matter of Dale M.]*, 285 AD2d 510, 511 [2001], *lvs denied* 97 NY2d 603 [2001]). Accordingly, we discern no reason to disturb Family Court's determination.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.