■ In the Matter of Viveca AA., a Child Alleged to be Neglected. Commissioner of Social Services of Schenectady County, Respondent; Emily AA., Appellant. [856 NYS2d 715]—

Mercure, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered August 31, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In November 2005, petitioner commenced this proceeding seeking to have respondent's daughter (born in 1998) adjudicated to be neglected. The petition was based upon allegations that respondent failed to comply with recommended treatment for her mental illness, withdrew the child from school and failed to otherwise meet the child's educational needs, and did not maintain her home in a safe and sanitary condition. The child was removed and placed with her maternal grandmother. At the conclusion of the fact-finding hearing, Family Court found the child to be neglected. Following a dispositional hearing, the court ordered that the child remain in the custody of her maternal grandmother, imposed orders of protection and supervision requiring respondent to comply with mental health and substance abuse evaluations and treatment, and directed that "visitation has been suspended until [respondent] complies with this Court's order for treatment." Respondent appeals as of right from the fact-finding order (*see* Family Ct Act § 1112 [a]; *Matter of Nathaniel II.*, 18 AD3d 1038, 1038 [2005], *lv denied* 5 NY3d 707 [2005]), and we now affirm.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omit-

ted]; *see* Family Ct Act § 1012 [f] [i]). Here, the record evinces that respondent removed the child from public school and, although she claimed to be providing the child with home instruction, respondent failed to submit adequate "documentation or other credible evidence to show that [the child] received the required schooling" (*Matter of Ember R.*, 285 AD2d 757, 759 [2001], *lvs denied* 97 NY2d 604 [2001]; *see Matter of William AA.*, 24 AD3d 1125, 1125-1126 [2005], *lv denied* 6 NY3d 711 [2006]; *cf. Matter of Christopher UU.*, 24 AD3d 1129, 1131 [2005]). In addition to this proof of educational neglect, petitioner presented evidence that respondent has a long history of mental illness—including six prior psychiatric hospitalizations and diagnoses of schizoaffective disorder, bipolar disorder, posttraumatic stress disorder, and schizophrenia, paranoid type—but refuses to accept that she has been diagnosed with a mental illness, cooperate with treatment, or take medication. In our view, petitioner demonstrated that respondent's illness rendered her unable to properly care for the child or to maintain her residence in a sanitary condition, free from safety and fire hazards (*see Matter of Harmony S.*, 22 AD3d 972, 973 [2005]; *Matter of Senator NN.*, 11 AD3d 771, 772-773 [2004]; *see also Matter of Jesse DD.*, 223 AD2d 929, 930-932 [1996], *lv denied* 88 NY2d 803 [1996]). Considering the totality of the circumstances, we conclude that a sound and substantial basis exists to support Family Court's finding of neglect.

Cardona, P.J., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.