Lahtinen, J.
Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered January 2, 2008, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate. Neithan CC. to be a neglected child, and issued an order of protection.
Petitioner commenced this neglect proceeding seeking to prohibit respondent (a registered level three sex offender who had previously sexually abused a young child) from having contact with the seven-year-old child of his live-in girlfriend. Family Court, after a hearing, granted the petition and respondent now appeals.
Initially, we reject respondent’s contention that petitioner failed to establish that it made “every reasonable effort” pursuant to Family Ct Act § 1041 (b) to serve the child’s biological father, who had moved out of state and petitioner had difficulty locating. The record supports Family Court’s conclusion, made after a discussion of the efforts made by petitioner (see Matter of Neithan AA, 18 Misc 3d 1116[A], 2007 NY Slip Op 52512[U], *2-4 [2007]), that those efforts satisfied the statutory requirement of Family Ct Act § 1041 (b). Moreover, we discern no reason in this record why an alleged failure to adequately notify the father would serve as a ground on appeal to reverse the neglect determination regarding respondent (see Family Ct Act § 1042).
Nor do we find merit in respondent’s argument that neglect was not established. Respondent had, in 1998, repeatedly subjected a former girlfriend’s child to sexual abuse, which resulted in a felony conviction and a determination that he was a level three sex offender. Although he reportedly participated in sex offender treatment when incarcerated and acknowledged that as part of that treatment he was instructed not to have unsupervised contact with children and to avoid alcohol, he admitted that, contrary to such instructions as well as contrary to the terms of a child care service plan that he had signed, he was alone with the child on “numerous” occasions. He also acknowledged continued consumption of alcohol. The statutory standard of neglect was met by the requisite preponderance of the evidence (see Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Viveca AA., 51 AD3d 1072, 1072 [2008]; Matter of Mary MM., 38 AD3d 956, 957 [2007]).
Cardona, EJ., Mercure, Kane and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.