Matter of Evanna S. (Omatee S.) (2019 NY Slip Op 01824)





Matter of Evanna S. (Omatee S.)


2019 NY Slip Op 01824


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8690 8689 8688

[*1]In re Evanna S., and Another, Dependent Children Under the Age of Eighteen Years etc., Omatee S., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel) for Omatee S., appellant.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), for Santiago D., appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about April 25, 2017, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 7, 2017, which found that respondent father and respondent mother neglected the subject children, unanimously affirmed, without costs. Appeals from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeals from the order of disposition.
The findings of neglect were supported by a preponderance of the evidence (see Family Court Act 1046[b][i]). The chronic unsanitary conditions of the mother and children's living space, including dirty diapers and feces strewn around the room, as well as the children's odor and unkempt appearance, were well documented in the record and demonstrated that the children were at imminent risk of impairment (see Matter of Nivek A.S. [Juanita S.]), 148 AD3d 459 [1st Dept 2017]). The mother also failed to provide the children with adequate nutrition and medical care, notwithstanding that the children's pediatrician identified the children's weight loss as an issue and prescribed a feeding plan (see id.). The mother also failed to heed the caseworker's advice to seek prompt medical attention for the children when they were seriously ill. Furthermore, the mother failed to comply with her service plan and attend required weekly therapy, and routinely exercised poor judgment in caring for herself and the children (see e.g. Matter of Viveca AA., 51 AD3d 1072, 1073 [3d Dept 2008].
The record supports a finding of neglect against the father
in light of his untreated mental illness (see Matter of Enrique S. [Kelba S.], 134 AD3d 576 [1st [*2]Dept 2015], lv denied 27 NY3d 948 [2016]), and failure to provide adequate care during the period that the children resided with him. The court also properly drew a negative inference from his failure to testify (see Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573, 574 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK